■ In the Matter of JOSEPH DZWIELEWSKI, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [714 NYS2d 842] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner filed an application for accidental disability retirement benefits alleging that he was permanently incapacitated from performing his duties as a nurse supervisor due to a June 15, 1994 incident whereby a psychiatric patient attempted to assault him when he tried to administer medication to her. According to petitioner, the patient lunged at him with a broken piece of plexiglass but he was able to escape and call for security personnel to restrain her. In his application, petitioner alleged that he was permanently disabled due to "intense work-related depression [and] post traumatic stress disorder." Petitioner's application was denied following a hearing based on a finding that the attempted assault did not constitute an "accident" within the meaning of Retirement and Social Security Law § 605 (b) (3). Respondent issued a final determination to that effect and this CPLR article 78 proceeding ensued.

We confirm. An "accident" is a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties (*see, Matter of Roach v McCall*, 251 AD2d 941). Thus, "[u]nless the injury results from an event that would not ordinarily be anticipated in the context of the worker's employment, it cannot be defined as an 'accidental' injury" (*Matter of Butler v McCall*, 247 AD2d 709, 710). Here, petitioner's job duties included encouraging patients to take their medication as well as "perform[ing] medical treatment on them." Petitioner's own testimony established that attempted assaults by violent patients was not only an event that could be anticipated but was a risk inherent in his employment (*see, Matter of Vladick v McCall*, 252 AD2d 729; *Matter of O'Donnell v New York State & Local Retirement Sys.*, 249 AD2d 607). Under these circumstances, we find no reason to disturb respondent's determination.

Petitioner's remaining arguments have been examined and found to be unpersuasive.

Cardona, P. J., Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.