■ In the Matter of FRED SILVER-SMITH, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM et al., Respondents. [748 NYS2d 291] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a court officer, applied for accidental disability retirement benefits for an injury that he sustained immediately after physically restraining and removing an unruly prisoner from the courtroom where he was working. Respondent Comptroller denied petitioner's application because the incident involved a risk inherent in petitioner's employment and did not constitute a qualifying accident as that term is

used in Retirement and Social Security Law § 605-a. As we have often noted (*see Matter of Arcuri v New York State & Local Retirement Sys.*, 291 AD2d 621, 622; *Matter of Jonigan v McCall*, 291 AD2d 766, 766; *Matter of Staley v New York State & Local Retirement Sys.*, 290 AD2d 721, 722-723), such an accident presupposes " 'a precipitating accidental event * * * which was not a risk of the work performed' " (*Matter of Penkalski v McCall*, 292 AD2d 735, 736, quoting *Matter of McCambridge v McGuire*, 62 NY2d 563, 567-568).

Here, petitioner's injury occurred as the result of his having restrained a person who was threatening the peace and security of a court proceeding, and such activity was a regular though infrequent part of his duties. Petitioner testified that his primary function was to provide courtroom security, which entailed physical security when necessary, that he had received training at the Court Officers' Academy in restraining individuals, and that he was required to carry a gun while on duty. While the specific outburst which required petitioner's intervention here may have been abrupt and unexpected, the maintenance of order by restraining unruly persons in the courtroom was a recognized part of his normal duties. Thus, there is substantial evidence supporting the Comptroller's determination that petitioner's injury "resulted from a recognized risk inherent in petitioner's normal duties and thus was not an accident within the ambit of the statute" (*Matter of Fabiano v Regan*, 88 AD2d 687, 688; *see Matter of Penkalski v McCall*, *supra* at 736; *Matter of Michalczyk v New York State & Local Retirement Sys.*, 286 AD2d 852, 853; *Matter of Hoyt v Regan*, 93 AD2d 937, 938).

Mugglin, Lahtinen and Kane, JJ., concur; Cardona, P.J., not taking part. Adjudged that the determination is confirmed, without costs, and petition dismissed.