In the Matter of BARBARA AMMANN, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [785 NYS2d 799]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a court officer, applied for accidental disability retirement benefits after she was injured during an altercation with an unruly criminal defendant. Petitioner's initial application for benefits was denied, whereupon she requested a hearing and redetermination. Ultimately, a Hearing Officer concluded that petitioner had not sustained an accident within the meaning of the Retirement and Social Security Law and denied her application. Respondent Comptroller upheld that decision, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge the Comptroller's determination.

The record reflects that the Comptroller draws a distinction between injuries received by a court officer as the result of an assault and injuries received as the result of an attempt to restrain a disruptive individual while performing the duties of a court officer. According to the Comptroller, the former constitutes a compensable accident, while the latter constitutes a risk inherent in the course of the court officer's employment. Here,

both the Hearing Officer and the Comptroller concluded, based upon the testimony adduced at petitioner's administrative hearing, that petitioner was injured during the course of restraining a criminal defendant and, hence, she did not sustain a compensable accident. Petitioner's sole argument on review is that the record as a whole compels a finding that her injuries were the product of a direct assault and, therefore, that she is entitled to accidental disability retirement benefits. We cannot agree.

To be sure, there is evidence in the record from which one could conclude that petitioner was injured during the course of an assault. The mere presence of such proof, however, simply does not negate the Comptroller's finding that petitioner was injured while restraining a combative criminal defendant (*see generally Matter of English v McCall*, 6 AD3d 923, 924 [2004] [underlying determination will be upheld "so long as it is supported by substantial evidence, even if there is evidence that would support a contrary conclusion"]). The record as a whole plainly contains evidence to support the Comptroller's conclusion, including petitioner's description of the underlying incident both on her application for benefits and at the administrative hearing, and, as such, the underlying determination will not be disturbed (*see Matter of Silver-Smith v New York State & Local Retirement Sys.*, 298 AD2d 696 [2002]; *Matter of Vladick v McCall*, 252 AD2d 729 [1998]).

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.