■ In the Matter of MICHAEL C. WISE, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [831 NYS2d 571]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner worked as a senior court officer and was assigned to Supreme Court in Kings County. On April 5, 1995, he was escorting a handcuffed criminal defendant in the courtroom when the defendant had a seizure and fell to the floor causing petitioner, whose arm was interlocked with the arm of the defendant, to also fall and to injure his right shoulder and neck. Petitioner had surgery but eventually returned to work 22 months later. Then, on November 21, 2003, petitioner and other officers had to subdue another criminal defendant who had become unruly in the courtroom. As petitioner and another officer were escorting the struggling defendant down the hall and through a doorway, the defendant shoved petitioner against a fixed door, causing him to injure his shoulder, neck, arm and back. Petitioner did not return to work thereafter and filed an application for accidental disability retirement benefits claiming injuries to his neck, back, both shoulders and left elbow resulting from both incidents. Following a hearing, a Hearing Officer denied petitioner's application on the basis that the incidents in question did not constitute accidents within the meaning of the Retirement and Social Security Law. Respondent Comptroller upheld the finding and this CPLR article 78 proceeding ensued.

We confirm. Under the Retirement and Social Security Law, an accident has been defined as a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]). Significantly, "[t]he precipitating event must emanate from a risk that is not an inherent element of the petitioner's

regular employment duties" (*Matter of Amadio v McCall*, 2 AD3d 1131, 1132 [2003]). Here, petitioner's regular job duties entailed, among other things, escorting criminal defendants in the courtroom and physically restraining unruly individuals. Petitioner was engaged in these duties during both of the incidents in question. The fact that the individual he was escorting on April 5, 1995 had an unexpected seizure does not make that incident an accident. Likewise, although there is evidence from which it could be inferred that petitioner was assaulted when shoved by the defendant on November 21, 2003, this does not negate the Comptroller's finding that petitioner was injured while restraining a combative defendant (*see Matter of Ammann v New York State Comptroller*, 13 AD3d 858, 859 [2004], *lv denied* 5 NY3d 702 [2005]). Consequently, we find no reason to disturb the Comptroller's determination.

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.