■ In the Matter of JOHN WELSH, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [888 NYS2d 318]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer with the Suffolk County Police Department, sustained injuries when an emotionally disturbed man that he was escorting suddenly lunged at him. Petitioner's subsequent application for accidental disability retirement benefits was denied and he requested a hearing and redetermination.* The Hearing Officer recommended that the claim be denied on the ground that petitioner had not sustained an accident within the meaning of the Retirement and Social Security Law. Respondent Comptroller accepted the Hearing Officer's recommendation and denied petitioner's claim. This CPLR article 78 proceeding ensued.

The determination should be confirmed and the petition dismissed. For purposes of accidental disability retirement benefits, the underlying accident must be "a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties" (*Matter of Dzwielewski v McCall*, 277 AD2d 622, 622 [2000]). The Comptroller has exclusive authority to determine whether an accident occurred within the meaning of Retirement and Social Security Law § 363, and his determination must be sustained if it is supported by substantial evidence (*see Matter of Zuckerberg v New York State Comptroller*, 46 AD3d 1057, 1058 [2007], *lv denied* 10 NY3d 712 [2008]).

The record reflects that petitioner and his partner escorted a reportedly suicidal man from the man's home to the psychiatric ward of a hospital. Petitioner had previously participated in similar escort duties, and his partner testified that sometimes the subjects in such escort cases were calm, and sometimes they were not. This man did not act in an aggressive manner and did not resist when the officers handcuffed his arms behind his back before transporting him to the hospital. At the hospital, the man remained under the officers' control in a small police waiting room when, still in handcuffs, he suddenly ran across the small room and lunged at petitioner, causing petitioner to fall and sustain injuries. Petitioner's partner and hospital security guards quickly pulled the man off of petitioner. The entire incident lasted a minute or less. No charges were brought against the emotionally disturbed man.

---

* Petitioner's application for performance of duty disability retirement benefits was granted.

The Comptroller rejected petitioner's claim that he is entitled to accidental disability retirement benefits because he was injured as a result of an assault (*see Matter of Stefanelli*, Mar. 11, 2002, reg. No. 3344419-1, H.C. No. 01-0237), as opposed to physical contact in the course of restraining a disruptive individual (*see e.g. Matter of Ammann v New York State Comptroller*, 13 AD3d 858, 858-859 [2004], *lv denied* 5 NY3d 702 [2005]), finding that as a police officer, petitioner was expected to control and restrain potentially violent and psychotic patients (*see Matter of Nedwick v McCall*, 308 AD2d 653, 653-654 [2003]; *see also Matter of Clair v Regan*, 89 AD2d 663, 663-664 [1982], *lv denied* 57 NY2d 608 [1982]). Although there is evidence in the record that would support a conclusion that petitioner was injured as the result of an assault, the mere presence of such evidence does not undermine the Comptroller's determination that petitioner was injured by physical contact of the sort inherent in the routine performance of petitioner's duties (*see Matter of Wise v New York State Comptroller*, 38 AD3d 1032, 1034 [2007], *lv denied* 9 NY3d 811 [2007]; *Matter of Ammann v New York State Comptroller*, 13 AD3d at 859; *Matter of Pugliese v New York State & Local Empls. Retirement Sys.*, 161 AD2d 1095, 1095 [1990]). Consequently, we find no reason to disturb the Comptroller's determination.

Rose, J.P., Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

