In the Matter of the Claim of ELIZABETH A. OLIVERA, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [918 NYS2d 681]—

Lahtinen, J.

Petitioner was employed as a secure care treatment aide by the New York State Office of Mental Retardation and Developmental Disabilities for three years when, in September 2006, she was assaulted by one of the consumers under her care and sustained injuries to her lower back, right leg and left foot. In January 2008, petitioner applied for accidental disability retirement benefits on the ground that the injuries sustained during the 2006 incident permanently incapacitated her from performing her duties. After petitioner's application was denied by respondent in June 2008, she timely requested a hearing and determination on her application. Following a hearing, her application was ultimately denied by the Comptroller based on a finding that the assault did not constitute an accident within the meaning of Retirement and Social Security Law § 605 and petitioner, thereafter, commenced this CPLR article 78 proceeding.

We confirm. Here, as part of her job duties, petitioner was required to "treat and care for mentally ill or mentally retarded persons who are highly assaultive, suicidal and dangerous to themselves or others." Petitioner testified at the hearing that

restraining consumers was a part of her job duties and she was aware that she was dealing with a population that could pose a threat to her. Additionally, petitioner's coworker testified that she had seen petitioner perform interventions with this particular consumer in the past and that such interventions were the "norm." Because an injury resulting from the performance of ordinary employment duties is not an accidental injury (*see Matter of Carducci v DiNapoli*, 77 AD3d 1052-1053 [2010]; *Matter of Lorenzo v DiNapoli*, 67 AD3d 1311, 1312 [2009]), we find the Comptroller's determination to be supported by substantial evidence (*see Matter of Welsh v New York State Comptroller*, 67 AD3d 1167, 1169 [2009], *lv denied* 14 NY3d 706 [2010]; *Matter of Dzwielewski v McCall*, 277 AD2d 622, 622 [2000]).

Peters, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.