In the Matter of Stephen Carpiniello, Petitioner, v Thomas P. DiNapoli, as State Comptroller, Respondent. [930 NYS2d 685]—

Mercure, J.P.

Petitioner, a police officer, sustained injuries while involved in an effort to subdue an emotionally disturbed individual for transport to a medical facility for evaluation and treatment. Petitioner's subsequent application for accidental disability retirement benefits was initially denied and he requested a hearing and redetermination. The Hearing Officer denied petitioner's application on the ground that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Respondent accepted the Hearing Officer's findings and conclusions and denied petitioner's application. This CPLR article 78 proceeding ensued.

"For purposes of accidental disability retirement benefits, the underlying accident must be 'a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties' " (*Matter of Welsh v New York State Comptroller*, 67 AD3d 1167, 1168 [2009], *lv denied* 14 NY3d 706 [2010], quoting *Matter of Dzwielewski v McCall*, 277 AD2d 622, 622 [2000]). Here, petitioner acknowledged that dealing with emotionally disturbed individuals and subduing them through physical contact was an ordinary part of his job duties and that he had been required to do so on previous occasions. With regard to respondent's decision not to credit certain other testimony by petitioner that differed from the written incident reports, we note that resolution of all credibility issues is properly left to respondent (*see Matter of Hardy v DiNapoli*, 82 AD3d 1490, 1491 [2011]; *Matter of Walters v Hevesi*, 23 AD3d 982, 983 [2005]). Inasmuch as respondent's determination that the incident does not constitute an accident is supported by substantial evidence, it must be sustained (*see Matter of Welsh v New York State Comptroller*, 67 AD3d at 1168; *Matter of Walters v Hevesi*, 23 AD3d at 983). Based upon the record before us, we do not find that a different result is required because another officer who was injured during the same incident was apparently awarded accidental disability retirement benefits.

Peters, Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.