■ In the Matter of the Claim of JOHN RYKALA, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [937 NYS2d 754]—

"For purposes of accidental disability retirement benefits, the underlying accident must be a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties" (*Matter of Welsh v New York State Comp-*

*troller*, 67 AD3d 1167, 1168 [2009], *lv denied* 14 NY3d 706 [2010] [internal quotation marks and citation omitted]). Here, petitioner acknowledged that his job duties included physically restraining persons causing a disturbance in the courtroom. It is undisputed that petitioner's injuries occurred while he was struggling with an unruly prisoner. Under the circumstances herein, substantial evidence supports the Comptroller's determination and it will not be disturbed (*see Matter of Olivera v New York State & Local Employees' Retirement Sys.*, 82 AD3d 1434, 1434-1435 [2011]; *Matter of Silver-Smith v New York State & Local Retirement Sys.*, 298 AD2d 696, 697 [2002]).

Mercure, A.P.J., Peters, Malone Jr., Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.