In the Matter of MICHAEL J. KILBRIDE, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [944 NYS2d 393]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

On January 14, 2009, petitioner, a court officer sergeant, was on duty when he was injured by an "unruly defendant" bursting into the courtroom. In his application for accidental disability retirement benefits, petitioner stated that the incident occurred as he "was attempting to prevent an angry defendant from attacking the judge. He charged at the judge knocking me to the ground." The application was denied and petitioner sought a hearing and a redetermination. Following a hearing, the Hearing Officer denied the application, finding that petitioner did not establish that the incident was an accident within the meaning of Retirement and Social Security Law § 605-a. Respondent Comptroller adopted the Hearing Officer's findings, and this CPLR article 78 proceeding ensued.

We confirm. To qualify for "accidental disability retirement benefits, the underlying accident must be a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties" (*Matter of Rykala v New York State Comptroller*, 92 AD3d 1077, 1077 [2012] [internal quotation marks and citation omitted]). Here, as noted by the Hearing Officer, petitioner's job duties included removing or restraining disruptive individuals and providing security in the courtroom.

While petitioner testified that he was not injured while attempting to defend a judge but was, in fact, the passive victim of an assault, the Hearing Officer determined that petitioner's hearing testimony was less credible than his earlier written account contained in his application for benefits. Although the record contains proof from which it could be concluded that petitioner was injured as the result of an assault, this does not negate the substantial evidence supporting the finding that petitioner's injury was caused by physical contact of the sort that is inherent in the routine performance of his duties (*see Matter of Wise v New York State Comptroller*, 38 AD3d 1032, 1033-1034 [2007], *lv denied* 9 NY3d 811 [2007]; *Matter of Ammann v New York State Comptroller*, 13 AD3d 858, 859 [2004], *lv denied* 5 NY3d 702 [2005]).

Peters, P.J., Mercure, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.