■  In the Matter of ALEXANDER JAROSZ, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [944 NYS2d 395]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer with the City of Mount Vernon Police Department, applied for accidental disability retirement benefits after he injured his right hand and elbow during a struggle with a suspect. After a hearing, a Hearing Officer denied his application, finding that his disability was not the result of an accident pursuant to the Retirement and Social Security Law.* Respondent adopted the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

Petitioner contends that he is entitled to accidental disability retirement benefits because his injuries were the result of an assault—which is compensable under the Retirement and Social Security Law (*see Matter of Ammann v New York State Comptroller*, 13 AD3d 858, 858-859 [2004], *lv denied* 5 NY3d 702 [2005])—and not simply as a result of the performance of his duties as a police officer. To that end, it is petitioner's burden to demonstrate that his injuries resulted from an accident, mean-

---

* Petitioner's application for performance of duty disability retirement benefits was granted.

ing "that they were caused by a sudden and extraordinary event that is unrelated to the ordinary risks of employment" (*Matter of Held v DiNapoli*, 82 AD3d 1444, 1445 [2011] [internal quotation marks and citations omitted]). Here, the record establishes that petitioner reported to the police physician that he was injured when he tackled a suspect to the ground while attempting to place him under arrest. Because such evidence provides substantial evidence to support respondent's finding that petitioner was injured while engaged in a risk inherent in his normal police duties, the determination will not be disturbed (*see id.*; *Matter of Welsh v New York State Comptroller*, 67 AD3d 1167, 1168 [2009], *lv denied* 14 NY3d 706 [2010]). The fact that the record contains proof from which it could be concluded that petitioner was injured as the result of an assault does not negate the fact that there is substantial evidence supporting the finding that petitioner's injury did not stem from a compensable accident (*see Matter of Kilbride v New York State Comptroller*, 95 AD3d 1496, 1497 [2012] [decided herewith]; *Matter of Wise v New York State Comptroller*, 38 AD3d 1032, 1034 [2007], *lv denied* 9 NY3d 811 [2007]) inasmuch as any inconsistency in the evidence presents a credibility issue for respondent to resolve (*see Matter of Welsh v New York State Comptroller*, 67 AD3d at 1169; *Matter of Hughes v Hevesi*, 56 AD3d 934, 936 [2008], *lv denied* 12 NY3d 711 [2009]).

Mercure, J.P., Rose, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.