Peters, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for accidental disability retirement benefits.
Petitioner began working in 1994 as a police officer for the Port Authority of New York and New Jersey. In the course of his employment, he was involved in incidents in July 1995, February 1996 and March 2001 that resulted in physical injuries. Petitioner stopped working in January 2005 and, shortly thereafter, filed an application for accidental disability retirement based, in part, upon his work-related orthopedic injuries. In addition, petitioner claimed, as relevant here, a psychological disability related to his assignment to assist with the search and rescue operations at the World Trade Center (hereinafter WTC) site during the months following September 11, 2001. Following a hearing, the Hearing Officer found that the 1995, 1996 and March 2001 incidents did not constitute accidents within the purview of Retirement and Social Security Law § 363 and, further, that petitioner had not demonstrated that he was permanently disabled due to a psychological condition. Respondent Comptroller concurred with those conclusions and denied benefits. Petitioner then commenced this CPLR article 78 proceeding, and we now annul.
First addressing petitioner’s orthopedic disabilities, to be *1499 eligible for accidental disability retirement benefits, the disabilities must result from “ ‘a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties,’ ” and the Comptroller has the exclusive authority to determine whether an accident occurred (Matter of Rykala v New York State Comptroller, 92 AD3d 1077, 1078 [2012], quoting Matter of Welsh v New York State Comptroller, 67 AD3d 1167, 1168 [2009], lv denied 14 NY3d 706 [2010]). Here, with respect to the 1995 and 1996 incidents, petitioner sustained his injuries while struggling to remove disorderly people from the bus terminal, which petitioner stated was part of his job on a “daily basis.” With regard to the March 2001 incident, while responding to a fire in the WTC, petitioner fell while hurrying up an escalator and then, while exiting the building, fell again when he tripped over fire hoses. Inasmuch as petitioner was trained and required to respond to structure fires as part of his job, we find that substantial evidence supports the Comptroller’s determination that the 1995, 1996 and March 2001 incidents were not accidents (see Matter of Rykala v New York State Comptroller, 92 AD3d at 1078; Matter of Held v DiNapoli, 82 AD3d 1444, 1445 [2011]; Matter of Purcell v DiNapoli, 81 AD3d 1069, 1070 [2011]).
We reach a different conclusion, however, with regard to the Comptroller’s determination as it relates to petitioner’s psychological disability. We disagree with the Comptroller that petitioner failed to carry his burden of establishing that he was permanently incapacitated from performing his job duties (see Matter of Capraro v DiNapoli, 91 AD3d 1020, 1021 [2012]; Matter of Byrne v DiNapoli, 85 AD3d 1530, 1531 [2011]). Petitioner presented medical reports from his treating psychologist that diagnosed him with posttraumatic stress disorder and stated that he was permanently incapacitated and unable to return to his career as a police officer. In contrast, respondent New York State and Local Police and Fire Retirement System presented the report of Steven Fayer, a psychiatrist who performed an independent psychiatric evaluation on petitioner and examined his medical records. Fayer found that, while petitioner was presently disabled and unable to perform his duties, he could make no determination with regard to whether petitioner was permanently disabled without a follow-up examination, which never took place. While it is unquestionably within the province of the Comptroller to resolve conflicting medical evidence, on this record we find no evidence to rebut the opinion of petitioner’s expert that he was permanently incapacitated and, thus, the Comptroller’s decision to the contrary was not sup *1500 ported by substantial evidence (see generally Matter of Danieu v DiNapoli, 77 AD3d 1152, 1154-1155 [2010]; Matter of King v DiNapoli, 75 AD3d 793, 794-796 [2010]).
Accordingly, and inasmuch as petitioner is entitled to the WTC presumption establishing eligibility for benefits pursuant to Retirement and Social Security Law § 363 (g) (1) (a), we remit to the Comptroller for further hearings and a de novo determination as to whether the Retirement System met its burden of proving that petitioner is not entitled to benefits (see e.g. Matter of Maori v Kelly, 92 AD3d 53, 59-60 [2011], lv granted 18 NY3d 810 [Apr. 3, 2012]; Matter of Maldonado v Kelly, 86 AD3d 516, 519 [2011], lv granted 18 NY3d 808 [2012]).
Mercure, Stein, McCarthy and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court’s decision.