In the Matter of THOMAS J. REYNOLDS, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller Respondent. [948 NYS2d 202]—

Stein, J.

---

Petitioner, a police officer, was permanently disabled as the result of injuries sustained while attempting to subdue a suspect who had been handcuffed and placed in the rear of a police car. Petitioner's application for performance of duty disability retirement benefits was approved, but his application for accidental disability retirement benefits was denied by respondent on the ground that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Petitioner then commenced this CPLR article 78 proceeding to challenge that determination.

We confirm. To establish entitlement to accidental disability retirement benefits, a petitioner must demonstrate that the incident giving rise to the injuries was a sudden mischance unrelated to the ordinary risks of performing his or her job (*see Matter of Lenci v DiNapoli*, 92 AD3d 1078, 1078 [2012]; *Matter of Rykala v New York State Comptroller*, 92 AD3d 1077, 1077-1078 [2012]). This Court has repeatedly upheld respondent's denial of accidental disability retirement benefits when a law enforcement officer sustains an injury in the course of restraining a disruptive individual, as that type of physical contact is inherent in the performance of an officer's duties (*see Matter of Rykala v New York State Comptroller*, 92 AD3d at 1077-1078; *Matter of Carpiniello v DiNapoli*, 88 AD3d 1045, 1046 [2011]; *Matter of Welsh v New York State Comptroller*, 67 AD3d 1167, 1169 [2009], *lv denied* 14 NY3d 706 [2010]). Inasmuch as petitioner's own testimony indicated that he was injured in the course of attempting to subdue an unruly suspect, we find that substantial evidence supports respondent's determination.

Peters, P.J., Lahtinen, Malone Jr. and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.