Mercure, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for accidental disability retirement benefits.
*1038 Petitioner, a police officer, was injured while attempting to subdue a mentally disabled individual who was throwing rocks at motor vehicles. Following petitioner’s request for a hearing, the Hearing Officer denied his application for accidental disability retirement benefits, finding that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Respondent adopted that determination, prompting this CPLR article 78 proceeding.
We confirm. “Petitioner bore the burden of proving entitlement to accidental disability retirement benefits and [respondent’s] determination will be upheld if supported by substantial evidence” (Matter of Bleeker v New York State Comptroller, 84 AD3d 1683, 1683 [2011], lv denied 17 NY3d 709 [2011] [citation omitted]; accord Matter of Butrico v New York State Comptroller, 97 AD3d 1033, 1034 [2012]). To obtain accidental disability retirement benefits, a petitioner must demonstrate that the underlying accident was “ ‘a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties’ ” (Matter of Welsh v New York State Comptroller, 67 AD3d 1167, 1168 [2009], lv denied 14 NY3d 706 [2010] , quoting Matter of Dzwielewski v McCall, 277 AD2d 622, 622 [2000]; accord Matter of Murphy v New York State Comptroller, 92 AD3d 1022, 1022 [2012]).
Petitioner testified that he knew the suspect, who flailed his arm at petitioner when he approached; petitioner then grabbed the suspect in a bear hug. The suspect’s body went limp and both he and petitioner fell to the ground, with the suspect landing on top of petitioner. The suspect then began to cry. The risk of injury resulting from restraining emotionally disturbed individuals is an inherent risk of a police officer’s duties (see Matter of Reynolds v DiNapoli, 97 AD3d 892, 893 [2012]; Matter of Rykala v New York State Comptroller, 92 AD3d 1077, 1078 [2012]; Matter of Carpiniello v DiNapoli, 88 AD3d 1045, 1046 [2011] ). Accordingly, respondent’s determination that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law is supported by substantial evidence and will not be disturbed (see Matter of Jarosz v DiNapoli, 95 AD3d 1500, 1501 [2012]; Matter of Olivera v New York State & Local Employees’ Retirement Sys., 82 AD3d 1434, 1435 [2011]; Matter of Welsh v New York State Comptroller, 67 AD3d at 1169). Petitioner’s remaining argument has been considered and found to be lacking in merit.
Rose, Lahtinen and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.