Rose, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany *1148 County) to review a determination of respondent which denied petitioner’s application for accidental disability retirement benefits.
Petitioner, a police officer, responded to a report of a woman attempting to cash a fraudulent check at a bank. Upon observing an individual matching the description of the suspect walking down the street away from the bank, petitioner approached the individual from behind. After she refused to stop, petitioner grabbed her arm with his right hand. She then quickly jerked away from petitioner and he felt a sharp pain in his neck and shoulder areas. A struggle ensued and petitioner ultimately placed the individual under arrest. Petitioner thereafter applied for accidental disability retirement benefits, citing injuries to his neck, left and right shoulders, right elbow and right wrist. The application was initially disapproved and petitioner requested a redetermination. Following a hearing, the Hearing Officer concluded that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law and denied petitioner’s application. Respondent upheld the Hearing Officer’s decision, prompting this CPLR article 78 proceeding.*
We confirm. Petitioner bears the burden of proving that his injuries were accidental, “in that they were caused by a sudden and extraordinary event that is unrelated to the ordinary risks of employment” (Matter of Held v DiNapoli, 82 AD3d 1444, 1445 [2011] [internal quotation marks and citations omitted]; accord Matter of Jarosz v DiNapoli, 95 AD3d 1500, 1500-1501 [2012]). An incident does not qualify as an accident within the meaning of the Retirement and Social Security Law “where the injury results from an expected or foreseeable event arising from the performance of routine employment duties” (Matter of O’Brien v Hevesi, 12 AD3d 895, 896 [2004], lv dismissed 5 NY3d 749 [2005]; accord Matter of Lundquist v DiNapoli, 106 AD3d 1439, 1439 [2013]).
Petitioner contends that he is entitled to accidental disability retirement benefits because he was injured as the result of an assault, and not as the result of the performance of his duties as a police officer. The record reflects, however, that petitioner was injured while attempting to detain an individual suspected of committing a crime. Inasmuch as petitioner’s injury “was caused by physical contact of the sort that is inherent in the routine performance of his duties” (Matter of Kilbride v New York State Comptroller, 95 AD3d 1496, 1497 [2012], lv denied *1149 19 NY3d 813 [2012]), substantial evidence supports respondent’s determination and it will not be disturbed (see Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337 [2013]; Matter of Jarosz v DiNapoli, 95 AD3d at 1501).
Peters, EJ., Stein and McCarthy, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.

 Petitioner’s application for performance of duty disability retirement benefits was granted.