Rose, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for accidental disability retirement benefits.
Petitioner, a court officer, was injured while he and several other officers attempted to subdue a combative individual outside a courtroom. His application for accidental disability retirement benefits was denied, and he requested a hearing and redetermination. The Hearing Officer found that petitioner had failed to show that the incident constituted an accident within the meaning of the Retirement and Social Security Law. Respondent adopted the Hearing Officer’s findings, and this CPLR article 78 proceeding ensued.
Substantial evidence supports respondent’s determination and, accordingly, we confirm. In order to qualify for accidental disability retirement benefits, petitioner was obliged to show that his injuries resulted from an accident, i.e., an event that is “a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact” (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citation omitted]; accord Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337 [2013]). To constitute an accident, therefore, the event must arise from risks that are not inherent to petitioner’s regular employment duties (see Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008]; Matter of Fiducia v DiNapoli, 111 AD3d 1018, 1018 [2013]). Petitioner’s regular job duties included “physically restraining unruly individuals” and, contrary to his contention, the fact that other officers piled on to subdue the individual as he struggled with petitioner on the floor did not render the incident an accident (Matter of Wise v New York State Comptroller, 38 AD3d 1032, 1034 [2007], lv denied 9 NY3d 811 [2007]; see Matter of Henry v DiNapoli, 82 AD3d 1446, 1447 [2011]). Moreover, while it could be inferred that petitioner was assaulted when struck by the individual as he flailed about, “this does not negate the substantial evidence *1167 supporting the finding that petitioner’s injury was caused by physical contact of the sort that is inherent in the routine performance of his duties” (Matter of Kilbride v New York State Comptroller, 95 AD3d 1496, 1497 [2012], lv denied 19 NY3d 813 [2012]; see Matter of Wise v New York State Comptroller, 38 AD3d at 1034).
Stein, J.E, McCarthy and Egan Jr., JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.