## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:    November 6, 2014            518444
_____

In the Matter of RAYMOND J.
    FULTON,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

NEW YORK STATE COMPTROLLER
    et al.,
                        Respondents.
_____

Calendar Date:    September 11, 2014

Before:   Peters, P.J., Lahtinen, Stein, Garry and Devine, JJ.

_____

        Edelstein & Grossman, New York City (Jonathan I. Edelstein
of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

_____

Lahtinen, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller which denied
petitioner's application for accidental disability retirement
benefits.

        Petitioner, a police officer, was on patrol on July 21,
2008 when he was called to a location where two men were fighting
in the street.  When he arrived at the scene, one man was fleeing
and the other was standing in the middle of the street.  As
petitioner got out of his car, the man in the street seemed
incoherent, started to approach him and indicated that he had to

talk to petitioner.  Petitioner directed the man to step off the side of the road to get him out of the path of fast moving vehicles, a situation that petitioner described as dangerous. During the process of attempting to get the man to a safe location, the man proceeded to lunge at petitioner and a physical altercation ensued resulting in injuries to petitioner's left shoulder and neck.  Petitioner filed an application for accidental disability retirement benefits claiming that he was assaulted (see Matter of Stefanelli, Mar. 11, 2002, Reg. No. 3344419-1, H.C. No. 01-0237).  His application was denied. Following a hearing, a Hearing Officer concluded that the denial of benefits was proper because the incident did not constitute an accident within the meaning of the Retirement and Social Security Law.  Respondent Comptroller upheld this determination and petitioner commenced this CPLR article 78 proceeding challenging it.

The primary issue before us is whether the July 21, 2008 incident was an accident within the meaning of the Retirement and Social Security Law.  Petitioner bears the burden of demonstrating that his injuries were the result of an accident, "meaning, that they were caused by a sudden and extraordinary event that is unrelated to the ordinary risks of employment" (Matter of Jarosz v DiNapoli, 95 AD3d 1500, 1500-1501 [2012], [internal quotation marks and citations omitted]; see Matter of Del Salto v DiNapoli, 115 AD3d 1147, 1148 [2014]). Significantly, "the event must arise from risks that are not inherent to petitioner's regular employment duties" (Matter of Roberts v DiNapoli, 117 AD3d 1166, 1166 [2014]; see Matter of Wise v New York State Comptroller, 38 AD3d 1032, 1033-1034 [2007], lv denied 9 NY3d 811 [2007]).  Here, petitioner's regular duties as a police officer included responding to a call that two men were engaged in a street fight and attempting to remove one of the men, who was "a little incoherent with alcohol," from the roadway where his safety was threatened.  The risks taken by petitioner in performing his duty and being drawn into a physical confrontation with this intoxicated person were an inherent part of his duties.  Consequently, we find that substantial evidence supports the Comptroller's determination that the incident did not qualify as an accident entitling petitioner to receive accidental disability retirement benefits (see Matter of Roberts

v DiNapoli, 117 AD3d at 1166-1167; Matter of Del Salto v DiNapoli, 115 AD3d at 1148-1149; Matter of Jarosz v DiNapoli, 95 AD3d at 1501). Although it could be inferred from the evidence that petitioner was assaulted during the physical confrontation, this does not negate the Comptroller's finding that he was injured as a result of physical contact inherent in his routine job duties (see Matter of Rodriquez v DiNapoli, 110 AD3d 1125, 1127 [2013]; Matter of Welsh v New York State Comptroller, 67 AD3d 1167, 1169 [2009], lv denied 14 NY3d 706 [2010]; Matter of Wise v New York State Comptroller, 38 AD3d at 1034). We have considered petitioner's remaining contentions and find them to be unavailing.

Peters, P.J., Stein, Garry and Devine, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court