Garry, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for accidental disability retirement benefits.
On April 14, 2009, petitioner, a court officer, injured his left knee while attempting to restrain an unruly criminal defendant who was “running around the courtroom.” On January 20, 2010, petitioner again injured his left knee while trying to subdue a defendant who was threatening to attack an individual in the court waiting room. He thereafter filed an application for accidental disability retirement benefits, alleging that he was permanently incapacitated from performing his job duties as the result of the injuries. The application was denied and petitioner requested a hearing and redetermination. Following a hearing, the Hearing Officer upheld the denial, finding that petitioner had failed to show that the incidents consti *1090 tuted accidents within the meaning of the Retirement and Social Security Law. Respondent Comptroller adopted the Hearing Officer’s findings, and this CPLR article 78 proceeding ensued.
“For purposes of accidental disability retirement benefits, the underlying accident must be a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties” (Matter of Welsh v New York State Comptroller, 67 AD3d 1167, 1168 [2009], lv denied 14 NY3d 706 [2010] [internal quotation marks and citation omitted]; accord Matter of Rykala v New York State Comptroller, 92 AD3d 1077, 1077-1078 [2012]). Here, the Hearing Officer noted that petitioner’s job duties included physically restraining unruly individuals in the courthouse. Although there is proof in the record that could support petitioner’s contention that his injuries resulted from being assaulted, “this does not negate the Comptroller’s finding that he was injured as a result of physical contact inherent in his routine job duties” (Matter of Fulton v New York State Comptroller, 122 AD3d 983, 984 [2014]; see Matter of Kilbride v New York State Comptroller, 95 AD3d 1496, 1497 [2012], lv denied 19 NY3d 813 [2012]; Matter of Wise v New York State Comptroller, 38 AD3d 1032, 1034 [2007], lv denied 9 NY3d 811 [2007]). Petitioner’s remaining claims have been considered and found to be unavailing.
Lahtinen, J.P., Rose and Devine, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.