Lynch, J.
(dissenting). I respectfully dissent. As respondents acknowledge in their brief, and as this Court has previously explained, “[respondent] Comptroller draws a distinction between injuries received by a court officer as the result of an assault and injuries received as the result of an attempt to restrain a disruptive individual while performing the duties of a court officer. According to the Comptroller, the former constitutes a compensable accident, while the latter constitutes a risk inherent in the course of the court officer’s employment” (Matter of Ammann v New York State Comptroller, 13 AD3d 858, 858 [2004], lv denied 5 NY3d 702 [2005]). As respondents further point out, we have upheld the Comptroller’s determinations in a line of cases concluding that injuries sustained by court officers while attempting to restrain or remove disruptive individuals are not “accidental” in nature, but inherent in the routine performance of their duties (see Matter of Boncimino v New York State Comptroller, 125 AD3d 1089, 1090 [2015]; Matter of Roberts v DiNapoli, 117 AD3d 1166, 1166-1167 [2014]; Matter of Emerson v DiNapoli, 115 AD3d 1145, 1145-1146 *1156 [2014]; Matter of Kilbride v New York State Comptroller, 95 AD3d 1496, 1496-1497 [2012], lv denied 19 NY3d 813 [2012]; Matter of Rykala v New York State Comptroller, 92 AD3d 1077, 1077-1078 [2012]; Matter of Ammann v New York State Comptroller, 13 AD3d at 858-859).
The evidence establishes that petitioner’s job duties and responsibilities required him to provide for the security and safety of the courthouse occupants, to restrain or remove disruptive individuals and to respond to emergency situations. Further, petitioner was trained in the use of a weapon and use-of-force guidelines, including deadly physical force. An assessment of petitioner’s job description, however, does not conclude the analysis, for we must account for “the precipitating cause of injury” (Matter of McCambridge v McGuire, 62 NY2d 563, 567 [1984]; see Matter of Sica v DiNapoli, 141 AD3d 799, 800-801 [2016]).
Without question, the precipitating event here was extraordinary. Petitioner commendably acted within his job description, training and instinct, but there is nothing routine about this event (see Matter of Cantone v McCall, 289 AD2d 863, 864 [2001]). Petitioner testified that, after hearing a fellow officer yell “gun,” he observed the assailant crouch down at the glass-entry door and fire the shotgun, blasting a hole through the door. As to the shooting sequence, petitioner testified that “[h]e fired. I fired. He fired. I fired.” Petitioner explained that the shotgun pellets came “within inches” of striking him and actually struck a fellow court officer. In my view, the distinctive, controlling factor here is that the assailant initiated the unprovoked attack, firing shots directly at petitioner and others in the lobby area. This precipitating act constitutes an assault against petitioner and, thus, qualifies as an accident within the embrace of Retirement and Social Security Law § 605-a. The three cases relied upon by the Hearing Officer to conclude that the shooting of an individual by a police officer in the line of duty is not an accident—Matter of Berbenich v Regan (81 AD2d 732 [1981]), Matter of Taylor v Regan (103 AD2d 884 [1984]) and Matter of Beckley v Nitido (123 AD3d 1330 [2014])—are all distinguishable by the determinative fact that petitioner, himself, was one of the targets of the assailant’s gunfire and immediately in harm’s way.
In my view, the Comptroller’s determination that the February 2012 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 605-a is not supported by substantial evidence in this record. As such, I would annul the determination and remit the matter to the Comptroller for further proceedings on the application.
*1157 Adjudged that the determination is confirmed, without costs, and petition dismissed.