Matter of Bodenmiller v DiNapoli (2018 NY Slip Op 00220)





Matter of Bodenmiller v DiNapoli


2018 NY Slip Op 00220


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

525213

[*1]In the Matter of ROBERT W. BODENMILLER, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents.

Calendar Date: November 16, 2017

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.


Robert W. Bodenmiller, West Babylon, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondents.


McCarthy, J.P.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, responded to a call with a fellow officer concerning an emotionally disturbed person. The individual was located in a coffee shop and she became unruly and struggled with petitioner as he attempted to handcuff her. After the handcuffs were applied, the individual's boyfriend charged at the officers, and petitioner, believing that the boyfriend was carrying a weapon, drew his firearm and shot the boyfriend.
Petitioner thereafter applied for accidental disability retirement benefits on the ground that he was permanently incapacitated from performing his job duties due to an injury to his left shoulder resulting from the interaction with the emotionally disturbed individual. The application was initially denied on the ground that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Following a hearing, a Hearing Officer also concluded that the incident was not an accident. Respondent Comptroller adopted the Hearing Officer's decision and this CPLR article 78 proceeding ensued.
We confirm. "Petitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and [the Comptroller's] [*2]determination in that regard will be upheld if supported by substantial evidence" (Matter of Rolon v DiNapoli, 67 AD3d 1298, 1299 [2009] [citation omitted]; accord Matter of Portmore v New York State Comptroller, 152 AD3d 945, 946 [2017]). "In order to be deemed accidental, an injury must not have been the result of activities undertaken in the ordinary course of one's job duties but, rather, must be due to a precipitating accidental event which is not a risk of the work performed" (Matter of Schoales v DiNapoli, 132 AD3d 1184, 1185 [2015] [internal quotation marks and citations omitted]; accord Matter of Lester v New York State Comptroller, 143 AD3d 1038, 1038 [2016]). Notably, "[t]he risk of injury resulting from restraining emotionally disturbed individuals is an inherent risk of a police officer's duties" (Matter of Carpenter v DiNapoli, 104 AD3d 1037, 1038 [2013]; see Matter of Somuk v DiNapoli, 145 AD3d 1339, 1340 [2016]).
In an injury report prepared by his supervisor a week after the incident, petitioner reported injuries to both his shoulders, left arm and right elbow resulting from having to restrain the emotionally disturbed individual. He also reported that the portion of the incident involving the discharge of his firearm resulted in an injury to his right ear, as well as psychological injuries. The employer's report of injury, also prepared in the weeks following the incident, listed injuries to petitioner's left shoulder and right elbow, caused while restraining the emotionally disturbed individual, and an injury to his right ear
and psychological trauma related to the discharge of his weapon. At the hearing, however, petitioner testified that he now believes, based upon conversations that he has had with certain physicians in the years since the incident, that the injury to his left shoulder actually occurred as a result of him swinging open and extending his left arm to protect his fellow officer when the other individual charged them and petitioner shot at the individual. The Hearing Officer credited the contemporaneous written reports and rejected petitioner's testimony as speculative and unsupported. "The assessment of petitioner's sworn testimony, as well as the evaluation of any apparent inconsistency between such testimony and the written documentation, presented credibility issues for the Hearing Officer and, ultimately, the Comptroller to resolve" (Matter of Hardy v DiNapoli, 82 AD3d 1490, 1491 [2011] [citation omitted]; accord Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d 1068, 1069 [2013], lv denied 21 NY3d 855 [2013]). Inasmuch as there is substantial evidence supporting the Comptroller's determination that petitioner's injuries arose from restraining an emotionally disturbed individual, which is an inherent risk of his employment, we will not disturb that determination (see Matter of Somuk v DiNapoli, 145 AD3d at 1340-1341; Matter of Carpenter v DiNapoli, 104 AD3d at 1038; Matter of Carpiniello v DiNapoli, 88 AD3d 1045, 1046 [2011]).
Lynch, Devine, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.