Matter of Creegan v DiNapoli (2019 NY Slip Op 04253)





Matter of Creegan v DiNapoli


2019 NY Slip Op 04253


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

527404

[*1]In the Matter of DENNIS M. CREEGAN, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: April 24, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Mitch Kessler, Cohoes, for petitioner.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Mulvey, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
On January 30, 2014, petitioner, then a senior court officer assigned to the criminal courts, and another court officer escorted an inmate to a locked holding pen in the rear of a courtroom after the inmate had unauthorized contact with a woman in the courtroom. Petitioner's supervisor and a court officer thereafter removed the inmate from the holding pen, escorting him by the arms to a corrections pen, assisted by petitioner, who followed behind and kept a watch on the inmate. As the officers approached the corrections pen, the inmate spun around and lunged at petitioner, spitting at him and hitting him in the face and head several times with his handcuffed hands;[FN1] the inmate then head-butted petitioner two or three times, and petitioner and the inmate fell to the floor. Petitioner sustained injuries, did not return to work and filed an application for accidental disability retirement benefits stemming from this incident. The application was denied on the basis that the incident did not constitute an accident under Retirement and Social Security Law § 605-a. Following a hearing, respondent upheld the determination denying the application, and this CPLR article 78 proceeding ensued.
We confirm. For purposes of the Retirement and Social Security Law, an accident is "'a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (Matter [*2]of Kowal v DiNapoli, 145 AD3d 1152, 1153 [2016] [citations omitted], affd 30 NY3d 1124, 1125 [2018], quoting Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008]; see Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018]). An injury that results from the performance of ordinary employment duties and is a risk inherent in such job duties is not considered accidental (see Matter of Kowal v DiNapoli, 30 NY3d 1124, 1125 [2018]; Matter of Kelly v DiNapoli, 30 NY3d at 681; Matter of Sestito v DiNapoli, 161 AD3d 1499, 1500 [2018]). Respondent's determination will be upheld provided that it is supported by substantial record evidence (see Matter of Kowal v DiNapoli, 145 AD3d at 1153).
In his application for benefits, petitioner indicated that the inmate had been "violent in [the] courtroom," which was consistent with his account, as reflected in a medical report, that he had been involved in an "altercation" with the inmate in the courtroom and had to "tackle" the inmate and "drag" him to the holding cell. Although the testimony of petitioner and his supervisor suggested that the inmate had been compliant while being removed from the courtroom and that his later violence had been unexpected, petitioner in his testimony described the incident in the courtroom as the "first altercation." Respondent credited the earlier written accounts over the contrary testimony in concluding that the inmate "had been violent in the courtroom and had to be removed forcibly to a holding cell" and, thus, in finding that the later violent incident was not unexpected, and we defer to that credibility assessment (see Matter of Kilbride v New York State Comptroller, 95 AD3d 1496, 1497 [2012], lv denied 19 NY3d 813 [2012]; see also Matter of Kenny v DiNapoli, 11 NY3d at 875).
Moreover, the job duties of a senior court officer include providing security in the courtroom and courthouse, guarding accused persons while they are in the courtroom, "escort[ing] them to and from detention pens" and the courtroom, and "[p]hysically restrain[ing] unruly individuals." As respondent concluded, petitioner was injured while assisting other court officers in escorting the previously violent inmate from a holding cell to correctional custody. Thus, "petitioner was injured during the course of executing the very duties that he had been assigned to perform and in the context of responding to a risk that was both reasonably foreseeable and, more to the point, inherent in the execution of his regular duties" (Matter of Kowal v DiNapoli, 145 AD3d at 1153; see Matter of Boncimino v New York State Comptroller, 125 AD3d 1089, 1090 [2015]; Matter of Emerson v DiNapoli, 115 AD3d 1145, 1145-1146 [2014]; Matter of Kilbride v New York State Comptroller, 95 AD3d at 1496-1497). Although there is proof in the record to support a finding that petitioner was assaulted, nonetheless, substantial evidence supports respondent's finding that petitioner's injuries were "caused by physical contact of the sort that is inherent in the routine performance of his duties" and did not arise from an accident within the meaning of Retirement and Social Security Law § 605-a (Matter of Kilbride v New York State Comptroller, 95 AD3d at 1497; see Matter of Kowal v DiNapoli, 145 AD3d at 1154; Matter of Boncimino v New York State Comptroller, 125 AD3d at 1090; see also Matter of Marine Holdings, LLC v New York City Commn. on Human Rights, 31 NY3d 1045, 1047 [2018]; Matter of Kelly v DiNapoli, 30 NY3d at 681-682). Petitioner's remaining claims have been considered and found to be unavailing.
Lynch, J.P., Devine, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although the inmate was initially handcuffed behind his back in the courtroom, when he was removed from the holding pen his hands were observed cuffed in front of his body, as the inmate apparently stepped through his handcuffed arms.