Matter of Flannelly v Gardner (2022 NY Slip Op 06528)

Matter of Flannelly v Gardner

2022 NY Slip Op 06528

Decided on November 17, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 17, 2022

534791
[*1]In the Matter of John Flannelly, Petitioner,
v
Colleen C. Gardner, as Executive Deputy Comptroller of the State of New York, et al., Respondents.

Calendar Date:October 14, 2022

Before:Garry, P.J., Egan Jr., Clark, Ceresia and Fisher, JJ.

John F. Clennan, Ronkonkoma, for petitioner.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondents.

Fisher, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police sergeant, applied for accidental disability retirement benefits alleging that, when he was on patrol duty in 2015 and responded to a medical emergency of a possible drug overdose at a private residence, he was unexpectedly pushed by an individual and fell, sustaining injuries to his back. Petitioner's initial application was denied on the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing, the Hearing Officer denied petitioner's application, finding, among other things, that the incident was not an accident as there was no unexpected event that was not an inherent risk of petitioner's job duties. Respondent Comptroller upheld the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.
We confirm. For purposes of the Retirement and Social Security Law, an accident is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citation omitted]; accord Matter of Roberts v DiNapoli, 117 AD3d 1166, 1166 [3d Dept 2014]). In determining whether an incident constitutes an accident, "the dispositive question is whether injury was caused by a precipitating accidental event which was not a risk of the work performed" (Matter of Kelly v DiNapoli, 30 NY3d 674, 684 [2018] [internal quotation marks, ellipsis and citations omitted]; see Matter of Fulton v New York State Comptroller, 122 AD3d 983, 983-984 [3d Dept 2014], lv denied 24 NY3d 915 [2015]). In other words, "[a]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (Matter of Valente v New York State Comptroller, 205 AD3d 1295, 1296 [3d Dept 2022] [internal quotation marks and citations omitted]). It is the petitioner's burden to demonstrate that the injury-producing event is an accident, and the Comptroller's determination in that regard will be upheld if supported by substantial evidence (see Matter of Buckshaw v DiNapoli, 169 AD3d 1139, 1140 [3d Dept 2019], lv denied 33 NY3d 904 [2019]; Matter of Buckley v DiNapoli, 166 AD3d 1265, 1266 [3d Dept 2018]).
Petitioner testified that, on the night of the incident, he was on patrol duty and responded, along with another police officer, to a call for a possible drug overdose at a residential address. After the aided individual was removed from the home to an ambulance, the individual's father asked petitioner [*2]about the identity of a person sitting in a car in the driveway. Petitioner approached the vehicle and, upon inquiry, the subject told petitioner that he lived at the residence — which, upon returning and relaying that information to the father, the father refuted. Petitioner then returned to the vehicle, at which point the subject exited the vehicle and, according to petitioner's testimony, suddenly and unexpectedly pushed both him and the other police officer, causing petitioner to fall over the raised blocks on the driveway and sustain an injury to his back. The written report of the incident, which was signed by petitioner, differed with regard to the confrontation with the subject in that it noted that the subject exited the vehicle, became agitated, was yelling and appeared to be under the influence of an unknown substance. The report described the subject as becoming combative and that he started pushing, kicking and swinging his arms at the officers. Ultimately, the report notes that the subject was wrestled to the ground by petitioner and the other officer after resisting their initial attempt to gain control of him.
Although the Comptroller credited the report of the incident over the testimony of petitioner, the Comptroller found that, in either instance, petitioner was acting in the normal course of his police duties at the time of the injury. As restraining unruly or disruptive individuals has been found to be part of a police officer's inherent duties, we find that substantial evidence supports the Comptroller's determination that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law (see Matter of Buckshaw v DiNapoli, 169 AD3d at 1141; Matter of Buckley v DiNapoli, 166 AD3d at 1267; Matter of Bodenmiller v DiNapoli, 157 AD3d 1120, 1121-1122 [3d Dept 2018]; Matter of Fulton v New York State Comptroller, 122 AD3d at 984; Matter of Roberts v DiNapoli, 117 AD3d at 1166-1167). Petitioner's contention that the accident occurred while he was doing out-of-title work is belied by the record, which reflects that, as a sergeant, his job duties included performing the function of a police officer when necessary. Moreover, to the extent that petitioner's brief references information as to, among other things, the racial composition of the "posh" community where petitioner was employed in support of his contention that the incident did not constitute an inherent risk in his employment duties, we note that such references are wholly irrelevant and inappropriate.
Garry, P.J., Egan Jr., Clark and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.