■ In the Matter of ROGER BATES, Petitioner, v NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM, Respondent.—Casey, J.

Petitioner, a police officer in the Village of Port Chester, Westchester County, investigated a car fire in the course of his duties on June 12, 1982. While pushing back a crowd of people as the vehicle that was on fire started to explode, he "slipped on gasoline that was coming from the lower portion of the vehicle", injuring his back and leg. Thereafter, petitioner's application for accidental disability retirement was denied. Petitioner's CPLR article 78 proceeding to review this determination was transferred to this court by Special Term.

Following the decision of the Court of Appeals in Matter of McCambridge v McGuire (62 NY2d 563), this court was advised by letter dated August 1, 1986 that respondent had reconsidered its position and stipulated that petitioner suffered an "accident" within the meaning of Retirement and Social Security Law § 363. Accordingly, respondent offered to refer petitioner's application to the medical board for a determination as to whether petitioner was actually disabled. It was conceded, however, that petitioner had already been granted retirement for disability incurred in the performance of duty (Retirement and Social Security Law § 363-c).

The issue in this proceeding as to whether petitioner was injured in an accident was, therefore, mooted and respondent

declined to submit a brief. Petitioner has requested that the proceeding be heard.

A court will review a moot question only if there is shown (1) a likelihood of repetition, (2) a phenomenon typically evading review, and (3) a showing of significant questions not previously passed on, i.e., a substantial and novel issue *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715). Inasmuch as each "accident" must be decided on the facts and not as a matter of law, it must be concluded that review here is not appropriate under the standards set in *Matter of Hearst Corp. v Clyne (supra).* Our remittal to the Comptroller in *Matter of Rowe v Regan* (107 AD2d 967) clearly indicates that we did not intend that each injury caused by a slip in the course of duty does not equal an "accident", as petitioner contends. The proceeding must be dismissed as moot.

Proceeding dismissed, as moot, without costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.