■ In the Matter of PAUL ZUCKERBERG, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [847 NYS2d 286]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental disability and performance of duty retirement benefits.

Petitioner, a police lieutenant employed by the Port Authority of New York and New Jersey, was injured on April 12, 2004 while working at John F. Kennedy International Airport when he fell while descending a stairway. Subsequently, petitioner filed applications for accidental disability and performance of duty retirement benefits. Following a hearing, the Hearing Officer recommended that the claims be denied on grounds that petitioner did not suffer an accident and that petitioner was not permanently incapacitated for the performance of duty. Respondent Comptroller accepted the Hearing Officer's recommendations and denied the claims. This CPLR article 78 proceeding ensued.

This Court's role in reviewing the Comptroller's determinations made after a hearing is limited to ascertaining whether the determination is supported by substantial evidence (*see Matter of Varriano v Hevesi*, 40 AD3d 1357, 1359 [2007]); that is, whether the Comptroller's factual conclusions have a rational basis in the record (*see Matter of Esposito v Hevesi*, 30 AD3d 667, 667 [2006]; *Matter of Kosilla v Hevesi*, 25 AD3d 870, 871 [2006]). If it does, we confirm the determination.

First, addressing the issue of whether petitioner suffered an accident as that term is employed in Retirement and Social Security Law § 363, we conclude that the record contains substantial evidence to support the Comptroller's determination. Because the record contains conflicting evidence regarding the cause of petitioner's fall, the Comptroller exercised his exclusive authority to evaluate credibility (*see Matter of McCabe v Hevesi*, 38 AD3d 1035, 1036 [2007]; *Matter of Zydor v New York State & Local Employees' Retirement Sys.*, 24 AD3d 924, 925 [2005]).

In light of petitioner's experience with the area, his inconsistent statements concerning the cause of his fall and when he discovered the alleged defect, and the contemporaneous accident report filed by a witness to the fall which does not support petitioner's claim of an improperly installed stair "saddle," we conclude that petitioner did not meet his burden of showing that his fall was caused by an improperly installed saddle (*see Matter of Sinclair v New York State & Local Retirement Sys.*, 42 AD3d 595, 596 [2007]; *Matter of Pryor v Hevesi*, 14 AD3d 776, 776 [2005]), rather than due to a misstep which does not merit a disability determination (*see Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]; *Matter of Bates v New York State Policemen's & Firemen's Retirement Sys.*, 124 AD2d 276, 277 [1986]). We, therefore, conclude that the Comptroller's determination that petitioner's fall occurred because of a misstep, rather than an accident, finds ample support in the record.

Second, we conclude that the Comptroller's determination that petitioner was not permanently incapacitated for the performance of duty is supported by substantial evidence. The record contains conflicting medical evidence concerning the limitations that petitioner now experiences as a result of the injury sustained in the fall. Resolution of these conflicts in expert medical testimony is within the exclusive authority of the Comptroller and his determination in this regard will not be disturbed unless it lacks a rational basis in the record. Here, the Comptroller chose to credit the testimony of an independent medical examiner who, on behalf of respondent New York State and Local Employees' Retirement System, examined petitioner and petitioner's medical records and concluded that petitioner was not disabled or functionally limited and could perform his required duties. Contrary to petitioner's argument, the brevity of the independent medical examination does not require that more weight be given to the testimony of petitioner's expert medical witness (*see Matter of Scheuring v New York State Comptroller*, 32 AD3d 1127, 1128 [2006]; *Matter of Rolandelli v Hevesi*, 27 AD3d 945, 946 [2006]). Clearly, the conclusions

reached by the Retirement System's medical expert were rational and based upon fact (*see Matter of Schine v Hevesi*, 40 AD3d 1362, 1363-1364 [2007]).

Finally, the differing determinations made by the Workers' Compensation Board and the Social Security Administration with respect to petitioner's present disability are not binding upon the Comptroller (*see Matter of Croshier v Levitt*, 5 NY2d 259, 264-265 [1959]; *Matter of Hall v McCall*, 2 AD3d 1026, 1027 [2003]).

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.