■ In the Matter of THOMAS FARRELL, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [868 NYS2d 409]—

Petitioner, a police officer employed by the Port Authority of New York and New Jersey, was injured in September 1990 after he fell off a ladder during a training exercise. In August 1991, petitioner was injured after he fell down some stairs in the Port Authority Bus Terminal in Manhattan while responding to an emergency call. In 2001 and 2003, petitioner applied for accidental disability retirement benefits alleging that he was permanently incapacitated as a result of these incidents. Although finding that petitioner was permanently incapacitated from performing his duties, respondent Comptroller denied the applications. Following hearings pursuant to petitioner's request for a rehearing and redetermination, the Hearing Officer determined that petitioner had failed to establish that his incapacity was causally related to either the 1990 or 1991 incidents and that the 1991 incident did not constitute an accident pursuant to Retirement and Social Security Law § 363. The Comptroller adopted this determination with supplemental findings of fact, prompting this CPLR article 78 proceeding.

We confirm. Conflicting evidence was presented concerning whether petitioner's permanent disability is causally related to the incidents of 1990 and 1991. Henry Wroblewski, a specialist in pain and spinal disorders who testified on behalf of petitioner, opined that petitioner suffers from a discogenic disorder of the L4 and L5 nerve root, disc protrusion-herniation at L5/S1 and an annular tear at L4/L5, all causally related to the 1990 fall, with the 1991 incident exacerbating this condition. While Wroblewski conceded that none of these conditions was identified by the various MRI reports on petitioner in the months and years following his falls, and the conditions were not discovered until between 1997 and 2001, he was of the opinion that petitioner's back injuries were causally related. Leon Sultan, an orthopedic surgeon who examined petitioner on behalf of respondent New York State and Local Employees' Retirement System, opined that petitioner's disability was causally related to disc degeneration related to age, not trauma. According to Sultan, had petitioner's falls caused the diagnosed disc degeneration and annular tear, such conditions would have been found in the various MRI reports on petitioner prior to 1997. Since Sultan's opinion took into consideration the fractured transverse process, we need not consider the disputed evidentiary rulings which excluded other proof concerning that fracture.

In these situations, the Comptroller is vested with the authority to weigh conflicting medical evidence and his determination will be upheld if it is supported by substantial evidence (*see Matter of Morgan v Hevesi*, 46 AD3d 1007, 1007 [2007], *lv denied* 11 NY3d 701 [2008]; *Matter of Maida v McCall*, 305 AD2d 929, 930 [2003], *lv denied* 100 NY2d 511 [2003]). We conclude that there was substantial evidence supporting the Comptroller's determination that petitioner failed to establish that his permanent incapacity was caused by the 1990 and 1991 incidents and we will not disturb it (*see Matter of Mazzei v Hevesi*, 45 AD3d 1103, 1104 [2007]). Accordingly, we need not address petitioner's contention that the Comptroller erred in concluding that the 1991 fall did not constitute an accident under the meaning of Retirement and Social Security Law § 363.

Cardona, P.J., Carpinello, Lahtinen and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.