■ In the Matter of RICHARD M. MAGRINO, SR., Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [884 NYS2d 180]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

In 2003, petitioner was injured when he tripped over an air hose and fell. Petitioner's application for accidental disability retirement benefits was denied, and he requested a hearing and redetermination. Following that hearing, the Hearing Officer denied petitioner's application, finding that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 63. Respondent adopted the Hearing Officer's findings and this CPLR article 78 proceeding followed.

We confirm. It is well settled that "[a]n accident within the meaning of the Retirement and Social Security Law is a sudden

and extraordinary event that is unrelated to the ordinary risks of employment" (*Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]; *see Matter of Kenny v DiNapoli*, 11 NY3d 873, 874 [2008]). As a result, injuries that arise out of an employee's own misstep or inattention will not merit an accidental disability determination (*see Matter of Zuckerberg v New York State Comptroller*, 46 AD3d 1057, 1058 [2007], *lv denied* 10 NY3d 712 [2008]; *Matter of Santorsola v McCall*, 302 AD2d at 728). Here, petitioner was employed as an equipment maintenance manager at a municipal garage and he tripped over an air hose that lay in a hallway there. Although he denied seeing an air hose or other tools lying on the floor outside of work areas prior to his injury, it was not unusual for tools to be on the floor in work areas and he admitted that such could occur elsewhere and that employees should be aware of their surroundings. As this proof suggests that petitioner's injury resulted from his own inattention or misstep, respondent's determination is supported by substantial evidence and will not be disturbed (*see Matter of Melendez v New York State Comptroller*, 54 AD3d 1128, 1129 [2008], *lv denied* 12 NY3d 706 [2009]; *Matter of Sinclair v New York State & Local Retirement Sys.*, 42 AD3d 595, 596 [2007]).

Cardona, P.J., Rose, Kane and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.