■ In the Matter of KENNETH ROLON, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [889 NYS2d 303]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer employed by the City of Newburgh Police Department, sustained a back injury in February 2005 while changing a flat tire on his patrol car. His subsequent application for accidental disability retirement benefits was denied on the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Petitioner requested a hearing and redetermination, following which a Hearing Officer denied the application on the same ground. Respondent adopted that decision in relevant part, prompting this CPLR article 78 proceeding.

We confirm. Petitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and respondent's determination in that regard will be upheld if supported by substantial evidence (see *Matter of Baron v DiNapoli*, 57 AD3d 1202, 1203 [2008]). Under settled law, "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]; accord *Matter of Confreda v New York State Comptroller*, 56 AD3d 938, 939 [2008], *lv denied* 12 NY3d 708 [2009]). Here, petitioner testified that a mechanic would ordinarily be dispatched to change a flat tire on a patrol car and that he had never changed a flat tire before. However, petitioner's watch commander had directed him to change the tire when a mechanic proved unavailable. Petitioner further testified that his duties included following the orders of his watch commander, and that the job description of a Newburgh police officer includes a duty to maintain department equipment. Accordingly, substantial evidence supports respondent's determination that petitioner was injured while performing a task inherent in his regular employment duties (see *Matter of Stevens v New York State Comptroller*, 299 AD2d 644, 644-645 [2002]; *Matter of Panek v Regan*, 81 AD2d 738 [1981]).

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.