■ In the Matter of MICHAEL J. LORENZO, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, et al., Respondents. [889 NYS2d 126]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a detective employed by the City of Yonkers Police Department, sustained an injury to his neck while exiting a police car in September 2003. He performed light-duty work for approximately 10 weeks after the incident, but has not returned

to work since November 25, 2003 and applied for accidental disability retirement benefits shortly thereafter. Following disapproval of his application, he requested a hearing and redetermination. After an initial hearing, petitioner amended his application, asserting that two earlier incidents—one in 1991 and one in 1992—contributed to the injury he sustained in 2003. A second hearing was held and a Hearing Officer subsequently concluded that the September 2003 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363 and that petitioner's neck injury was not caused by either of the two prior incidents. The Hearing Officer's denial of petitioner's application was upheld by respondent Comptroller, prompting this CPLR article 78 proceeding.

We confirm. "[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties . . . is not an accidental injury" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]). Here, in 2003, petitioner was returning to the squad room after interviewing a witness and parked his unmarked vehicle too closely to the police car occupying the adjacent parking spot. Unable to fully extend the vehicle's door, petitioner "cracked [his] head up on the doorjamb" while "forcing [himself] up out of the seat to get out of the car." Inasmuch as petitioner testified that his job duties include responding to crime scenes, rounding up witnesses and "go[ing] out and arrest[ing] bad guys"—activities that necessarily require his getting into and out of a police car—substantial evidence supports the Comptroller's determination that the event precipitating petitioner's neck injury was a risk inherent in the performance of his routine duties (*see Matter of Quigley v Hevesi*, 48 AD3d 1023, 1024 [2008]).

The Comptroller's determination that petitioner failed to establish that his neck injury was caused by the 1991 and 1992 incidents is similarly supported by substantial evidence. Indeed, during his direct examination at the initial hearing—prior to amending his application so as to include those incidents—petitioner testified that there was nothing wrong with his neck before he injured it in 2003. Moreover, medical records submitted by Leon Sultan, a board-certified orthopedic surgeon who examined petitioner on behalf of respondent New York State and Local Employees' Retirement System, indicate that neither incident contributed to petitioner's neck injury. Accordingly, giving due deference to the Comptroller's credibility resolutions, we perceive no basis on which to disturb his determination (*see*

*Matter of Stern v DiNapoli*, 57 AD3d 1076, 1078 [2008]; *Matter of Farrell v New York State Comptroller*, 57 AD3d 1081, 1082-1083 [2008]).

Cardona, P.J., Lahtinen, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.