■ In the Matter of BRIAN A. HERLIHY, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [905 NYS2d 684]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner began working as a police officer for the Town of

---

Bedford, Westchester County in 1995. In 2001, petitioner felt a pop in his back while lifting a speed trailer* onto a tow hitch. In 2002, petitioner injured his upper back and shoulder when he was assisting in the arrest of a burglary suspect. In 2005, petitioner injured his right shoulder when he tripped on a step in the police station attempting to answer the telephone while working desk duty. He applied for accidental disability retirement benefits in 2007 asserting that he was permanently disabled due to the injuries sustained in the three work-related incidents described above. Petitioner's application was initially denied and upon redetermination a Hearing Officer concluded that none of the incidents constituted an accident within the meaning of Retirement and Social Security Law § 363 and that petitioner's application should be denied. Respondent adopted the Hearing Officer's findings, prompting this CPLR article 78 proceeding.

We confirm. A petitioner bears the burden of establishing that his or her injuries were accidental (*see Matter of Sweeney v Hevesi*, 50 AD3d 1366, 1366 [2008]), meaning that they were caused by "a sudden and extraordinary event that is unrelated to the ordinary risks of employment" (*Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]). Here, the record amply supports respondent's determination that petitioner suffered his injuries while performing routine tasks inherent in his employment (*see Matter of Rolon v DiNapoli*, 67 AD3d 1298, 1299 [2009]; *Matter of Magrino v DiNapoli*, 64 AD3d 868, 869 [2009]; *Matter of Zuckerberg v New York State Comptroller*, 46 AD3d 1057, 1058 [2007], *lv denied* 10 NY3d 712 [2008]; *Matter of Pappalardo v Hevesi*, 34 AD3d 1021, 1022 [2006]).

Peters, J.P., Rose, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* A speed trailer is a device placed on the side of the road that informs motorists how fast they are driving.