■ In the Matter of PAULA P. CARDUCCI, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [909 NYS2d 175]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

In 2005, petitioner applied for accidental disability retirement benefits based upon injuries that she allegedly suffered in 1999 and 2000 while working for the City of Buffalo Police Department. The application was originally denied and petitioner requested a redetermination, limiting her application solely to the question of whether the 2000 incident constituted an accident. Following a hearing, the Hearing Officer found that petitioner had established that the 2000 incident was an accident within the meaning of the Retirement and Social Security Law. Respondent thereafter overruled that determination and denied petitioner's application. This CPLR article 78 proceeding ensued.

We confirm. Initially, contrary to petitioner's contention, respondent is not bound by a hearing officer's determination (*see* Retirement and Social Security Law § 74 [b]; *Matter of Wilson v DiNapoli*, 52 AD3d 931, 933 [2008]). Petitioner bore the burden here of proving her injury was accidental and respondent's determination will be upheld if supported by substantial evidence (*see Matter of Sweeney v Hevesi*, 50 AD3d 1366, 1366 [2008]). "An accident within the meaning of the Retirement and Social

Security Law is a sudden and extraordinary event that is unrelated to the ordinary risks of employment" (*Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003] [citation omitted]; *accord Matter of Napoli v DiNapoli*, 68 AD3d 1616, 1616 [2009]). Further, "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties . . . is not an accidental injury" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art II*, 57 NY2d 1010, 1012 [1982]; *accord Matter of Lorenzo v DiNapoli*, 67 AD3d 1311, 1312 [2009]).

Here, petitioner testified that her job duties included, among other things, computer work and administrative functions such as processing payroll, filling out sign-in sheets and completing paperwork. On the day of the 2000 incident, petitioner and another police officer were rearranging the desks and setting up new computers in the office they shared with two other officers, when petitioner slipped on a piece of paper that was on the floor and fell. In our view, substantial evidence supports respondent's determination that petitioner was engaged in ordinary employment duties, and that the fact that a piece of paper was on the floor in the office was not an unexpected event, but was, instead, a hazard that she could reasonably have anticipated (*see Matter of O'Brien v New York State Comptroller*, 56 AD3d 937, 938 [2008], *lv denied* 12 NY3d 708 [2009]; *Matter of Franks v New York State & Local Retirement Sys.*, 47 AD3d 1115, 1116 [2008]; *Matter of Avery v McCall*, 308 AD2d 677, 678 [2003]). Accordingly, the determination that petitioner did not suffer an accidental injury within the meaning of the Retirement and Social Security Law will not be disturbed.

Petitioner's remaining claims, including that respondent violated State Administrative Procedure Act § 307 (1) and (2), have been considered and found to be unavailing.

Malone Jr., McCarthy, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.