■ In the Matter of KENNETH L. HELD, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [918 NYS2d 747]—

Kavanagh, J.

Petitioner, a police officer, applied for accidental disability retirement benefits and performance of duty disability retirement benefits alleging that a number of work-related incidents left him physically unable to perform his duties. His applications were disapproved in the first instance, and he sought a hearing and redetermination. Respondent ultimately found that petitioner was permanently incapacitated from performing the duties of a police officer and granted his application for performance of duty disability retirement benefits. Petitioner's application for accidental disability retirement benefits was denied, however, with respondent finding that none of the incidents

contributing to his incapacity constituted an accident as that term is used in Retirement and Social Security Law § 363.

This CPLR article 78 proceeding ensued and, as substantial evidence supports respondent's determination, we confirm. Petitioner bore the burden of demonstrating that his injuries were accidental, in "that they were caused by 'a sudden and extraordinary event that is unrelated to the ordinary risks of employment' " (*Matter of Herlihy v DiNapoli*, 75 AD3d 892, 893 [2010], quoting *Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]; *see Matter of Sorrentino v DiNapoli*, 74 AD3d 1694, 1695 [2010]). As is relevant here, petitioner was injured while subduing a combative individual who was resisting arrest, and respondent was free to determine that the risk of injury inherent in that activity arose in the course of petitioner's routine police duties (*see Matter of Ammann v New York State Comptroller*, 13 AD3d 858, 859 [2004], *lv denied* 5 NY3d 702 [2005]; *Matter of Clair v Regan*, 89 AD2d 663, 663-664 [1982], *lv denied* 57 NY2d 608 [1982]). Petitioner's CPLR article 78 petition only challenged respondent's determination with regard to the above incident and, to the extent his remaining arguments are properly before us, they have been considered and found to be without merit (*see Matter of Eckerson v New York State & Local Retirement Sys.*, 270 AD2d 705 [2000], *lv denied* 95 NY2d 756 [2000]; *Matter of Miller v McMahon*, 240 AD2d 806, 807-808 [1997]).

Lahtinen, J.P., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.