In the Matter of JOHN CORBETT, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [924 NYS2d 647]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, injured his neck while removing a traffic counter. Petitioner's initial application for accidental disability retirement benefits was denied and he requested a hearing and redetermination. The Hearing Officer also denied petitioner's application on the basis that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Upon review, respondent adopted the Hearing Officer's findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding.

Petitioner bears the burden of demonstrating that his injury was accidental as defined by the Retirement and Social Security Law and respondent's determination in this regard will not be disturbed if supported by substantial evidence (*see Matter of West v DiNapoli*, 79 AD3d 1565, 1565-1566 [2010]; *Matter of Carducci v DiNapoli*, 77 AD3d 1052, 1052 [2010]). " '[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury' " (*Matter of Rolon v DiNapoli*, 67 AD3d 1298, 1299 [2009], quoting *Matter of Lichtenstein v*

*Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II,* 57 NY2d 1010, 1012 [1982]; *see Matter of Carducci v DiNapoli,* 77 AD3d at 1052).

Petitioner testified that a traffic counter is a device that counts cars and registers their type and speed. Petitioner further testified that the device is customarily installed and removed by a police officer and that, while he had not previously removed this type of device, he was involved in its installation and the chief of police had directed him to undertake its removal. The record reflects that petitioner's duties included following all lawful orders of the chief of police and generally performing work related to the enforcement of laws and the protection of life and property. Accordingly, we find that there is substantial evidence supporting the determination that petitioner's injury was sustained while he was engaged in a task inherent in his regular employment duties (*see Matter of Herlihy v DiNapoli,* 75 AD3d 892, 893 [2010]; *Matter of Rolon v DiNapoli,* 67 AD3d at 1299).

Mercure, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.