McCarthy, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for accidental disability retirement benefits.
Petitioner, a police officer, applied for accidental disability retirement benefits alleging that a number of work-related incidents had rendered him physically unable to perform his duties. He sought a hearing and redetermination after the application was denied, and limited his contentions to a 2007 incident wherein he was injured while restraining an armed individual who had struck another officer and was attempting to flee the scene. Respondent ultimately upheld the denial of benefits, finding that the 2007 incident did not constitute an accident for purposes of Retirement and Social Security Law § 363. Petitioner thereafter commenced this proceeding.
We confirm. It was incumbent upon petitioner to show that his “injuries were accidental, meaning that they were caused by ‘a sudden and extraordinary event that is unrelated to the ordinary risks of employment’ ” (Matter of Herlihy v DiNapoli, 75 AD3d 892, 893 [2010] [citation omitted], quoting Matter of Santorsola v McCall, 302 AD2d 727, 728 [2003]; accord Matter of Held v DiNapoli, 82 AD3d 1444, 1445 [2011]). Petitioner was injured during his attempt to subdue a fleeing suspect, which “is an ordinary employment duty of a police officer” (Matter of *1365 Melendez v New York State Comptroller, 54 AD3d 1128, 1129 [2008], lv denied 12 NY3d 706 [2009]; accord Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337 [2013]). Petitioner asserts that his injuries arose not from those efforts, but rather from the unexpected acts of other officers who jumped on top of him as they collectively struggled to restrain the suspect. He admitted that the response of the other officers was appropriate given the threat posed by the armed suspect. Thus, substantial evidence supports respondent’s finding “that petitioner’s injury was precipitated ‘by physical contact . . . inherent in the routine performance of his duties’ ” (Matter of Quartucio v DiNapoli, 110 AD3d at 1337, quoting Matter of Kilbride v New York State Comptroller, 95 AD3d 1496, 1497 [2012], lv denied 19 NY3d 813 [2012]).
Petitioner’s remaining argument has been examined and found to lack merit.
Peters, PJ., Stein and Egan Jr., JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.