Egan Jr., J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for accidental disability retirement benefits.
*1377 Petitioner began working as a police officer for the City of Yonkers Police Department in 2002. In 2008, petitioner applied for accidental and performance of duty disability retirement benefits, claiming that he suffered from chronic and disabling back pain. Although petitioner injured his back and underwent a microdiscectomy prior to his employment as a police officer, he nevertheless asserted that his disability stemmed from work-related back injuries that had occurred in 2004 and 2007. The New York State and Local Police and Fire Retirement System granted his application for performance of duty disability retirement benefits, but denied his application for accidental disability retirement benefits. Following a hearing and redetermination, a Hearing Officer found that petitioner’s disability was unrelated to the 2004 accident and that the 2007 incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Respondent adopted the findings and conclusions of the Hearing Officer and denied petitioner’s application. Petitioner then commenced the present CPLR article 78 proceeding, which has been transferred to this Court.
We confirm. “Petitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and respondent’s determination in that regard will be upheld if supported by substantial evidence” (Matter of Rolon v DiNapoli, 67 AD3d 1298, 1299 [2009] [citation omitted]). Here, petitioner asserts that his disability arose in part from the 2004 incident, which the Retirement System conceded was an accident within the meaning of the Retirement and Social Security Law. According to petitioner, he injured his back at that time when his patrol car collided with a vehicle he was pursuing. Police records of that incident, however, reflect that petitioner pursued the driver of the vehicle on foot after the collision and only injured his right hand in the course of subduing the suspect. While it is true that petitioner returned to his neurosurgeon several months after the incident, complained of back pain and was diagnosed with “post laminectomy [back] changes,” the orthopedic surgeon who conducted an independent examination of petitioner and reviewed his medical records opined that petitioner’s disabling back pain bore no connection to the 2004 accident. Contrary to petitioner’s contention, that opinion was not conclusory or speculative, and provided substantial evidence for the finding of respondent that petitioner’s disability was unrelated to the 2004 accident (see Matter of Strommer v New York State & Local Police & Fire Retirement Sys., 80 AD3d 1113, 1113-1114 [2011], lv denied 16 NY3d 712 [2011]; Matter of Gesner v DiNapoli, 78 AD3d 1283, 1284 [2010]).
*1378 Petitioner also asserts that the 2007 incident, in which he injured his back while moving a dumpster that was left in the middle of a city street, constituted an accident within the meaning of Retirement and Social Security Law § 363. “Under settled law, an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury” (Matter of Rolon v DiNapoli, 67 AD3d at 1299 [internal quotation marks and citation omitted]). Petitioner acknowledged that his job duties included “maintain[ing] traffic safety,” and the record reflects that he appropriately fulfilled that duty by moving the dumpster out of the flow of traffic. Thus, “substantial evidence supports respondent’s determination that petitioner was injured while performing a task inherent in his regular employment duties” (id.; see Matter of Corbett v DiNapoli, 85 AD3d 1296, 1297 [2011]). Petitioner’s remaining arguments have been considered and found to lack merit.
Peters, PJ., Stein and McCarthy, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.