*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 2, 2014                517724
_____

In the Matter of MARK A.
   SCARSELLI,
                    Petitioner,

          v                                MEMORANDUM AND JUDGMENT

NEW YORK STATE AND LOCAL
   POLICE AND FIRE RETIREMENT
   SYSTEM et al.,
                    Respondents.
_____

Calendar Date:  September 12, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.

                       _____


      Gleason, Dunn, Walsh & O'Shea, Albany (Brendan C. O'Shea of
counsel), for petitioner.

      Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

                       _____


Peters, P.J.

      Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller which denied
petitioner's application for accidental disability retirement
benefits.

      Petitioner was an investigator with the New York State
Police Bureau of Criminal Investigation for approximately 17
years.  On January 27, 2008, he injured his left ankle while
working at the police barracks in the Town of Ulster, Ulster
County.  According to petitioner, as he entered the building, he
opened the door and failed to realize that his foot was on the

edge of the sidewalk.  The sidewalk was abutted by gravel that was a few inches lower in depth.  As petitioner moved around the door while he was opening it, he inadvertently put too much pressure on the outside of his left foot, which was on the edge of the sidewalk, and it slipped off the sidewalk and onto the gravel below, causing him to fall to the ground.  Petitioner's application for accidental disability retirement benefits in connection with injuries he sustained as a result of this incident was denied.  Following a hearing, a Hearing Officer concluded that the January 27, 2008 incident did not constitute an accident within the meaning of the Retirement and Social Security Law and recommended that the application be denied.  Respondent Comptroller adopted the Hearing Officer's recommendation and this CPLR article 78 proceeding ensued.

It is well settled that an accident, for purposes of the Retirement and Social Security Law, is an event that is "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citation omitted]; see Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337 [2013]).  The burden rests upon the petitioner to demonstrate that the event that precipitated his or her injury constituted an accident (see Matter of Shea v DiNapoli, 115 AD3d 1023, 1024 [2014]; Matter of Quartucio v DiNapoli, 110 AD3d at 1336).  In order to qualify as such, the event must arise from a risk that is not an inherent part of the petitioner's regular job duties (see Matter of Roberts v DiNapoli, 117 AD3d 1166, 1166 [2014]; Matter of Amadio v McCall, 2 AD3d 1131, 1132 [2003]).  Furthermore, where the injury occurred as the result of a slip and fall, the dispositive inquiry is "whether the condition that caused the slip could have been 'reasonably anticipated'" (Matter of Sammon v DiNapoli, 97 AD3d 952, 953 [2012], quoting Matter of Murphy v New York State Comptroller, 92 AD3d 1022, 1023 [2012]).

Here, it is undisputed that petitioner was walking toward the police barracks in the normal course of his duties at the time of the incident in question.  He testified that he had worked at this location for a number of years and that, during this time, he was unaware of any change in the sidewalk which was

bordered by gravel.  Significantly, no proof was presented that the sidewalk was defective nor was there any indication that petitioner's foot slipped off the sidewalk due to an unexpected event.  Accordingly, inasmuch as petitioner could have reasonably anticipated the January 27, 2008 incident, substantial evidence supports the Comptroller's decision denying him accidental disability retirement benefits (see Matter of Cavallo v DiNapoli, 117 AD3d 1366, 1367 [2014]; Matter of Rodriquez v DiNapoli, 110 AD3d 1125, 1126-1127 [2013]; Matter of Piccinini v DiNapoli, 68 AD3d 1212, 1212-1213 [2009]; Matter of O'Brien v New York State Comptroller, 56 AD3d 937, 938 [2008], lv denied 12 NY3d 708 [2009]).

Stein, Garry, Egan Jr. and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court