*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 2, 2014                518446
_____

In the Matter of PATRICK
    HYLAND,
                    Petitioner,

        v                                   MEMORANDUM AND JUDGMENT

NEW YORK STATE COMPTROLLER
    et al.,
                    Respondents.
_____


Calendar Date:  September 8, 2014

Before:  McCarthy, J.P., Rose, Egan Jr., Devine and Clark, JJ.

_____

        Edelstein & Grossman, New York City (Jonathan I. Edelstein
of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

_____


McCarthy, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller which denied
petitioner's application for accidental disability retirement
benefits.

        Petitioner, a police officer, applied for accidental
disability retirement benefits alleging that he was permanently
incapacitated as a result of an incident that occurred while he
was disposing of property at a landfill.  A hearing ensued, at
the conclusion of which the Hearing Officer denied petitioner's
application for benefits on the ground that the incident did not

constitute an accident within the meaning of the Retirement and Social Security Law, and respondent Comptroller upheld that determination.  This CPLR article 78 proceeding ensued.

We confirm.  This Court has repeatedly held that accidental injuries are those caused by "a sudden and extraordinary event that is unrelated to the ordinary risks of employment" (Matter of Carducci v DiNapoli, 77 AD3d 1052, 1053 [2010] [internal quotation marks and citations omitted]; accord Matter of Del Salto v DiNapoli, 115 AD3d 1147, 1148 [2014]; Matter of Jarosz v DiNapoli, 95 AD3d 1500, 1501 [2012]).  That is, "[a]n accident is defined as a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties" (Matter of Emerson v DiNapoli, 115 AD3d 1145, 1145 [2014] [internal quotation marks and citations omitted]; see  Matter of Stimpson v Hevesi, 38 AD3d 979, 980 [2007]; Matter of Pryor v Hevesi, 14 AD3d 776, 776 [2005]).  Here, petitioner was injured when his police-issued glove caught on a bracket attached to an approximately 70-pound automobile seat that he was throwing from a police truck into a dumpster.  Petitioner was propelled toward the dumpster, along with the seat, causing him to become wedged between a concrete pad and the dumpster itself.  Notwithstanding petitioner's characterization of the incident as being "far more reminiscent of a Looney Tunes episode featuring Wile E. Coyote than of an ordinary misstep or expected hazard," the record reflects that petitioner was injured while he was engaged in the ordinary course of his duties as a police officer.  Inasmuch as an injury caused by gear getting caught while throwing a heavy piece of evidence into a dumpster is a hazard that could be reasonably anticipated, substantial evidence supports the Comptroller's determination that petitioner did not suffer an accidental injury (see Matter of Del Salto v DiNapoli, 115 AD3d at 1148-1149; Matter of Carducci v DiNapoli, 77 AD3d at 1053; Matter of Stimpson v Hevesi, 38 AD3d at 980; Matter of Pryor v Hevesi, 14 AD3d at 777).

Rose, Egan Jr., Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court