*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 17, 2016                    521239
_____

In the Matter of JAMES MACE,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller, et al.,
                    Respondents.
_____

Calendar Date:   February 10, 2016

Before:  Garry, J.P., Rose, Devine and Clark, JJ.

_____

        Sanders & Sanders, Cheektowaga (Harvey P. Sanders of
counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

_____

Garry, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller denying
petitioner's application for accidental disability retirement
benefits.

        Petitioner, a motor equipment mechanic with the Department
of Transportation, sustained a disabling injury when, in the
process of clearing snow from vehicles in the work bay and
shoveling that snow over floor drains to melt, the shovel he was
using caught on a floor drain and abruptly stopped his momentum
causing pain in his back.  Petitioner filed an application for
disability retirement benefits and, as part of his application,

sought enhanced benefits for accidental disability retirement benefits claiming that the incident constituted an accident within the meaning of the Retirement and Social Security Law. Petitioner's application was denied on the basis that the incident did not constitute an accident,[1] prompting petitioner to request a hearing and redetermination. Following a hearing, the Hearing Officer concluded that the incident in question was not an accident and denied petitioner's application. Based upon the Hearing Officer's recommendation, respondent Comptroller issued a final determination denying petitioner's application and this CPLR article 78 proceeding ensued.

Petitioner bears the burden of establishing that the injury is a result of an accident, which means that, "for purposes of an accidental disability retirement application, the event must emanate from a risk that is not an inherent element of the petitioner's regular employment duties" (Matter of Walion v New York State & Local Police & Fire Retirement Sys., 118 AD3d 1215, 1215 [2014] [internal quotation marks and citation omitted]). The Comptroller's determination in that regard will not be disturbed if it is supported by substantial evidence (see Matter of Schoales v DiNapoli, 132 AD3d 1184, 1186 [2015]; Matter of Walion v New York State & Local Police & Fire Retirement Sys., 118 AD3d at 1215). Here, petitioner testified that shoveling the snow in the work bay over to the floor drains was part of his regular employment duties. He testified that, on the day of the incident, there were a few feet of snow on the floor. He was trying to push the snow as hard as he could when the shovel lost friction with the floor and sped up along the floor, until it abruptly hit the drain. As noted by the Hearing Officer, the risk that the shovel sliding across the floor could catch on the drain is not an unforeseen or unexpected occurrence, but, rather, is an inherent risk in the performance of such duty that could reasonably be anticipated. Further, although petitioner testified that the drains were recessed into the floor, there is nothing in the record establishing any defect in the drain. Under these circumstances, we find that substantial evidence

---

[1] That part of petitioner's application seeking ordinary disability retirement benefits was granted.

supports the Comptroller's determination that the incident was not "a sudden fortuitous mischance which was unexpected and out of the ordinary" and, therefore, did not constitute an accident (see Matter of Hyland v New York State Comptroller, 121 AD3d 1149, 149-150 [2014]; Matter of Hunce v DiNapoli, 106 AD3d 1427, 1428-1429 [2013]; Matter of Little v DiNapoli, 85 AD3d 1273, 1274-1275 [2011]).  Petitioner's remaining contentions have been reviewed and do not warrant disturbing the Comptroller's determination.

Rose, Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court