*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                     521860
_____

In the Matter of JOSEPH
    GARBOWSKI,
                    Petitioner,

            v                                   MEMORANDUM AND JUDGMENT

THOMAS NITIDO, as Deputy State
    Comptroller,
                    Respondent.
_____

Calendar Date:   April 19, 2016

Before:   Peters, P.J., Garry, Rose, Clark and Aarons, JJ.

_____

        Baker, Leshko, Saline & Blosser, LLP, White Plains (Anthony
C. Saline of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Peters, P.J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Comptroller denying petitioner's
application for accidental disability retirement benefits.

        Petitioner, a police officer, applied for accidental
disability retirement benefits based upon injuries he allegedly
suffered in work-related incidents that occurred in 1991, 1994,
1998, 2001, 2003, 2005 and 2010.  The New York State and Local
Police and Fire Retirement System denied the application on the
ground that, although petitioner was found to be permanently
disabled from performing his job duties, the 1994, 2001, 2005 and

2010 incidents did not constitute accidents within the meaning of the Retirement and Social Security Law. The Retirement System further concluded that petitioner had not demonstrated that his disability was the natural and proximate result of an accident. A hearing was held wherein petitioner withdrew his contention that the 1994 and 2005 incidents constituted accidents. The Retirement System conceded that the events of 1991, 1998 and 2003 were accidents, but denied that those accidents proximately caused petitioner's disability. Following the hearing, the Hearing Officer affirmed the denial of the application and the Comptroller upheld that determination.[1] This CPLR article 78 proceeding ensued.

We confirm. "Petitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and [the Comptroller's] determination in that regard will be upheld if supported by substantial evidence" (Matter of Rolon v DiNapoli, 67 AD3d 1298, 1299 [2009] [citation omitted]; accord Matter of Kostik v DiNapoli, 117 AD3d 1376, 1377 [2014]). Notably, "an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties" (Matter of O'Brien v Hevesi, 12 AD3d 895, 896 [2004], lv dismissed 5 NY3d 749 [2005]; see Matter of Rodriquez v DiNapoli, 110 AD3d 1125, 1126 [2013]). Rather, "[t]he precipitating event must emanate from a risk that is not an inherent element of petitioner's regular employment duties" (Matter of Amadio v McCall, 2 AD3d 1131, 1132 [2003]; see Matter of Scarselli v New York State & Local Police & Fire Retirement Sys., 121 AD3d 1136, 1137 [2014]).

Petitioner's 2010 injury occurred when he was investigating a report of a plane crash in a wooded area during a snowstorm. According to petitioner, he was walking along a path in the wooded area at approximately 10:00 p.m. when he tripped over a tree branch that was buried under a foot of snow. It is

---

[1] Petitioner was awarded performance of duty disability retirement benefits.

undisputed that petitioner was engaged in routine police duties when conducting the search.  Further, the risk that he could fall over a tree branch hidden under the snow while conducting the search is inherent in the performance of petitioner's job duties and, therefore, the Comptroller's determination that the 2010 incident was not an accident within the meaning of the Retirement and Social Security Law is supported by substantial evidence (see Matter of Walion v New York State & Local Police & Fire Retirement Sys., 118 AD3d 1215, 1216 [2014]; Matter of Canner v New York State Comptroller, 97 AD3d 1091, 1092 [2012], lv denied 20 NY3d 851 [2012]; Matter of Fischer v New York State Comptroller, 46 AD3d 1006, 1006 [2007]).

Petitioner also contends that his disability is causally related to the 2001 incident.  A review of petitioner's medical records reveals, however, that although his chiropractor opined that he is permanently disabled from performing his job duties, he further opined that the 2010 incident was the competent producing cause of the disability, with no mention of the 2001 injuries or any other incident.  While petitioner presented other medical reports, none of the reports indicates that he was permanently disabled due to an accident at work prior to 2010. Petitioner testified that he was only out of work for two or three weeks following the 2001 incident and that he returned to full duty thereafter and remained on full duty until the 2010 incident.  The Retirement System's medical expert opined that petitioner was permanently disabled, but found that his disability was not related to any of the specific incidents cited by petitioner.  In light of the lack of proof that his disability was related to the 2001 incident, or any other accidents within the meaning of the Retirement and Social Security Law, the Comptroller's determination that petitioner's disability was unrelated to an accident is supported by substantial evidence and will not be disturbed (see Matter of Kostik v DiNapoli, 117 AD3d at 1377; Matter of Farrell v New York State Comptroller, 57 AD3d 1081, 1083 [2008]).

Garry, Rose, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:


Robert D. Mayberger
Clerk of the Court