### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   October 6, 2016                     522579
_____

In the Matter of RICHARD C.
   LESTER,
                    Petitioner,

        v                                  MEMORANDUM AND JUDGMENT

NEW YORK STATE COMPTROLLER
   et al.,
                    Respondents.
_____

Calendar Date:   September 15, 2016

Before:   Peters, P.J., Egan Jr., Lynch, Rose and Aarons, JJ.

_____

       Edelstein & Grossman, New York City (Johnathan I. Edelstein
of counsel), for petitioner.

       Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

_____

Rose, J.

       Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller denying
petitioner's application for accidental disability retirement
benefits.

       Petitioner, a police officer, applied for accidental
disability retirement benefits following an incident in which he
injured his right hand, index finger and shoulder while going
over a three-foot high chain-link fence.  The application was
denied on the ground that the incident did not constitute an
accident within the meaning of the Retirement and Social Security

Law, and petitioner requested a hearing and redetermination. Following a hearing, the Hearing Officer denied the application on the same ground and respondent Comptroller upheld the determination.  This CPLR article 78 proceeding ensued.

We confirm.  "Petitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and [the Comptroller's] determination in that regard will be upheld if supported by substantial evidence" (Matter of Rolon v DiNapoli, 67 AD3d 1298, 1299 [2009] [citation omitted]; see Matter of Garbowski v Nitido, 139 AD3d 1302, 1303 [2016]).  "In order to be deemed accidental, an injury must not have been the result of activities undertaken in the ordinary course of one's job duties but, rather, must be due to a precipitating accidental event which is not a risk of the work performed" (Matter of Schoales v DiNapoli, 132 AD3d 1184, 1185 [2015] [internal quotation marks and citations omitted]; see Matter of Hyland v New York State Comptroller, 121 AD3d 1149, 1149 [2014]).

Petitioner, who was assigned to an Emergency Services Unit, testified that scaling fences was a part of his regular job duties.  Petitioner injured himself when, while responding to a call involving an emotionally disturbed individual with a gun, he scaled a low fence in the backyard of a residence and caught his fingers in the chain link at the top of the fence.  The record contains no indication that there was anything out of the ordinary about the condition of the fence.  Inasmuch as the risk of this injury is inherent in the performance of petitioner's job duties, we find that substantial evidence supports the Comptroller's determination that the incident was not an accident within the meaning of the Retirement and Social Security Law (see Matter of Garbowski v Nitido, 139 AD3d at 1303; Matter of Fischer v New York State Comptroller, 46 AD3d 1006, 1006 [2007]).

Peters, P.J., Egan Jr., Lynch and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court