■ In the Matter of ANTHONY MITCHELL, Petitioner, v THOMAS DINAPOLI, as State Comptroller, Respondent. [62 NYS3d 209]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent deny-

ing petitioner's application for accidental disability retirement benefits.

On February 26, 2012, petitioner, a police officer, sustained a broken right leg during the arrest of an individual suspected of being a drug dealer. His application for accidental disability retirement benefits was denied on the ground that the incident that caused his injury was not an accident within the meaning of the Retirement and Social Security Law. Following a request for a redetermination, a hearing was held, and the Hearing Officer denied the application on the same ground. Respondent subsequently adopted that decision, and this CPLR article 78 proceeding ensued.

We confirm. "Petitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and respondent's determination in that regard will be upheld if supported by substantial evidence" (*Matter of Rolon v DiNapoli*, 67 AD3d 1298, 1299 [2009] [citation omitted]; *accord Matter of Lester v New York State Comptroller*, 143 AD3d 1038, 1038 [2016]). "For purposes of accidental disability retirement benefits, the underlying accident must be a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties" (*Matter of Welsh v New York State Comptroller*, 67 AD3d 1167, 1168 [2009] [internal quotation marks and citation omitted], *lv denied* 14 NY3d 706 [2010]; *accord Matter of Boncimino v New York State Comptroller*, 125 AD3d 1089, 1090 [2015]). Notably, "[p]ursuing and subduing a fleeing suspect is an ordinary employment duty of a police officer" (*Matter of Quartucio v DiNapoli*, 110 AD3d 1336, 1337 [2013] [internal quotation marks and citations omitted]; *see Matter of Somuk v DiNapoli*, 145 AD3d 1339, 1340-1341 [2016]).

Petitioner testified at the hearing that he was crossing a street to investigate the whereabouts of the suspect when he slipped on an unknown substance, hit a crack in the pavement and fell to the ground. Petitioner testified that the suspect then ran towards him and collided with him, causing him to go up in the air and then back to the ground. Petitioner also presented written reports prepared by fellow officers five months after the incident that similarly depicted how petitioner was injured. In contrast, a report prepared by petitioner's supervisor a few days after the incident states that petitioner was injured when, while petitioner and other officers were attempting to handcuff the suspect, the suspect violently resisted arrest and, after the arrest was completed, petitioner was

complaining of pain to his right leg and knee. Further, the employer's report of injury, prepared on March 12, 2012, states that petitioner injured his leg "attempting to arrest a combative party." Finally, petitioner's hospital records from the day of the incident reflect that petitioner sustained the injury "while tacking [sic] somebody from the back they both fell on his leg, since then he has been in severe pain." The discrepancy between the description of the incident as related in petitioner's testimony and the later reports and the information contained in the contemporaneous reports and hospital records presented a credibility issue for respondent to resolve (*see Matter of West v DiNapoli*, 79 AD3d 1565, 1566 [2010]; *Matter of Hamilton v Hevesi*, 28 AD3d 965, 966 [2006]). As there is ample evidence in the record upon which respondent could conclude that petitioner's injury arose out of subduing a suspect, an inherent risk of his employment, substantial evidence supports the determination denying his application for accidental disability retirement benefits (*see Matter of Buono v DiNapoli*, 144 AD3d 1386, 1387 [2016]; *Matter of Quartucio v DiNapoli*, 110 AD3d at 1337).

Peters, P.J., Devine, Mulvey and Pritzker, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.