Matter of Karst v DiNapoli (2018 NY Slip Op 08609)





Matter of Karst v DiNapoli


2018 NY Slip Op 08609


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526670

[*1]In the Matter of BRIAN KARST, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: November 19, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.


Bartlett LLP, White Plains (Jason D. Lewis of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Lynch, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
In 2005, petitioner, a police officer, injured his neck, shoulder and back when he attempted to break down an apartment door during a fire. In 2015, he applied for accidental disability retirement benefits alleging that he was permanently incapacitated from performing his job duties as the result of those injuries. The application was initially denied and, following a hearing, the Hearing Officer upheld the denial, concluding that the incident in question did not constitute an accident within the meaning of the Retirement and Social Security Law. Respondent adopted that decision, and this CPLR article 78 proceeding ensued.
We confirm. "Petitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and respondent's determination in that regard will be upheld if supported by substantial evidence" (Matter of Rolon v DiNapoli, 67 AD3d 1298, 1299 [2009] [citation omitted]; accord Matter of Mitchell v DiNapoli, 154 AD3d 1029, 1030 [2017]). For purposes of the Retirement and Social Security Law, an accident is defined as a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018] [internal quotation marks and citations omitted]; see Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008]). "Significantly, in order for an injury to be considered accidental, it must have been caused by a precipitating external event that was sudden, unexpected and not an inherent risk of the work performed" (Matter of Loia v DiNapoli, 164 AD3d 1513, 1514 [2018] [citation [*2]omitted]; see Matter of Kelly v DiNapoli, 30 NY3d at 684-686; Matter of Starnella v Bratton, 92 NY2d 836, 839 [1998]).
Petitioner testified that he was driving in his patrol car when he observed smoke coming from an apartment building. He was the first responder to arrive, and he entered the building and began knocking on apartment doors to alert the residents of the fire. At one door, he could hear loud music coming from within the apartment and he was concerned that the resident could not hear him knocking. He thereafter injured himself attempting to break down the door by throwing his body against it. Although both petitioner and the chief of police testified that responding to fires and entering burning buildings to rescue occupants were normally the duties of firefighters, not police officers, they also testified that the duties of a police officer include protecting life and property. In our view, substantial evidence supports respondent's determination that petitioner was acting within the scope of his employment duties as a police officer when he attempted to break down the door to alert the resident of a fire and that his injuries did not result from a sudden, unexpected event that was not an inherent risk of such duties (see Matter of Kelly v DiNapoli, 30 NY3d at 684-685; Matter of Lenci v DiNapoli, 92 AD3d 1078, 1079 [2012]).
McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.