Matter of Larivey v DiNapoli (2019 NY Slip Op 00018)





Matter of Larivey v DiNapoli


2019 NY Slip Op 00018


Decided on January 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 3, 2019

526687

[*1]In the Matter of BECKY C. LARIVEY, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents.

Calendar Date: November 20, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Gross Shuman PC, Buffalo (David H. Elibol of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
Petitioner worked as a bus attendant for a school district for four years. School was closed when she reported to work on March 21, 2014 and she was directed to proceed to the maintenance building to assist in washing buses that day. After rinsing off several buses, she began cleaning the bus to which she was normally assigned. As she began cleaning the interior, the driver advised that the bus needed to be moved outside, to allow other buses to be washed. Petitioner remained inside the bus while it was moved to a restricted access parking lot. The driver then asked her to retrieve some paper towels from the main building. Petitioner began exiting the bus. As she descended the last step and placed her right foot on the ground, her foot slipped on ice and she fell to the ground, sustaining injuries. She thereafter filed an application for accidental disability retirement benefits. Her application was initially denied, but was subsequently granted by a Hearing Officer following a hearing. Respondent Comptroller overruled the Hearing Officer's decision and denied the application upon finding that the incident precipitating petitioner's fall did not constitute an accident within the meaning of the Retirement and Social Security Law. Petitioner then commenced this CPLR article 78 proceeding challenging this determination.
It is well settled that, for purposes of the Retirement and Social Security Law, an accident is "a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008], quoting Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art II, 57 NY2d 1010, 1012 [1982]). The Court of Appeals recently reaffirmed this definition, noting that the precipitating event must not be a risk of the work ordinarily performed (see Matter of Kelly v [*2]DiNapoli, 30 NY3d 674, 681-682 [2018]; see also Matter of Stancarone v DiNapoli, 161 AD3d 144, 146-147 [2018]). Further, it is the petitioner who bears the burden of demonstrating the existence of an accident, and the Comptroller's determination in this regard will be upheld if supported by substantial evidence (see Matter of Stancarone v DiNapoli, 161 AD3d at 146; Matter of Mace v DiNapoli, 137 AD3d 1448, 1449 [2016]).
The record reveals that petitioner had never been directed to wash buses as part of her duties as a bus attendant. She was normally involved in assisting disabled children get on and off the bus, and ensuring their safety while riding the bus. Notably, her job description made no mention of tasks involving either cleaning or maintaining the buses. Moreover, and significantly, except for the date in question, petitioner had never been to the parking lot where the buses were kept. She was therefore wholly unfamiliar with the surface conditions. According to petitioner, on the date of the incident, it was cold with a few snow flurries and there were a few piles of old snow a couple of bus widths away [FN1]. She testified that, as she exited the bus, her view of the ground was obstructed by the final step, which was longer than usual to accommodate disabled children getting on and off the bus. It was then that her foot made contact with the ice beneath the step, and she slipped and fell.
Under the circumstances presented, the incident was clearly sudden, unexpected and not a risk of petitioner's ordinary job duties (see Matter of McCambridge v McGuire, 62 NY2d 563, 568 [1984]; Matter of Sammon v DiNapoli, 97 AD3d 952, 953 [2012]; Matter of Murphy v New York State Comptroller, 92 AD3d 1022, 1023 [2012]; compare Matter of Rosenbergen v DiNapoli, 144 AD3d 1384, 1385 [2016]; Matter of Magistro v DiNapoli, 142 AD3d 750, 752 [2016]; Matter of Lamb v DiNapoli, 139 AD3d 1312, 1313-1314 [2016]). Consequently, we find that petitioner has met her burden of establishing that it was an accident and that the Comptroller's contrary determination is not supported by substantial evidence.
Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUGED that the determination is annulled, without costs, petition granted, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Notably, the weather documentation submitted at the hearing did not establish that there was precipitation at the specific location of the incident on March 21, 2014.